# United States Court of Appeals

## For the First Circuit

No. 06-2200

ROBERT and KATHLEEN HAAG,

Plaintiffs, Appellants,

v.

UNITED STATES OF AMERICA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Boudin, Chief Judge,

Campbell, Senior Circuit Judge,

and Howard, Circuit Judge.

Timothy J. Burke with whom Burke & Associates was on brief for appellants.
John Schumann, Tax Division, Department of Justice, with whom Eileen J. O'Connor, Assistant Attorney General, Michael J. Sullivan, United States Attorney, and Johathan S. Cohen, Tax Division, Department of Justice, were on brief for appellee.

April 3, 2007

**BOUDIN, <u>Chief Judge</u>**.  In 2002, the United States filed in the district court a tax collection action against taxpayers Robert and Kathleen Haag, seeking to reduce to judgment federal tax assessments against them.  Federal tax liens were filed against the Haags in November 2003.  In January 2006, the district court entered judgment against the Haags in the amount of approximately $1.85 million.

In October 2004, while the tax collection action was pending, the Haags brought suit in the district court against the United States.  They charged that they had been deprived of their statutory right to a Collection Due Process ("CDP") hearing with respect to the federal tax liens filed against them because the Internal Revenue Service ("IRS") had allegedly failed to notify the Haags of their right to such a hearing.[1]

The Internal Revenue Code requires that the IRS, within five business days after filing notice of a federal tax lien, send notification to the taxpayer informing him <u>inter alia</u> of his right to request within thirty days a CDP hearing before the IRS, which must be conducted by an IRS appeals officer not previously involved with the unpaid tax.  26 U.S.C. § 6320 (2000).  The aim of the statute is to "afford taxpayers adequate notice of collection

---

[1]The Haags' amended complaint sought damages under 26 U.S.C. § 7433, injunctive relief mandating a CDP hearing, and declaratory relief.  The new suit was consolidated with the government's collection action.

-2-

activity and a meaningful hearing before the IRS deprives them of their property." S. Rep. No. 105-174, at 67 (1998).

Initially, the government's counsel in the district court believed that the required notification had not been sent to the Haags and told the district court at a scheduling conference that the government would provide the Haags with a substitute hearing. Thereafter, a government lawyer newly assigned to the case discovered in his files print-outs of notification letters, one addressed to Robert Haag, the other to Kathleen Haag, both dated November 21, 2003.

The government moved for summary judgment before Judge Keeton, who was then presiding over the consolidated cases. The government affiant asserted that she had accessed the IRS's computerized database and printed copies of the letters from electronic data maintained by the IRS in its regular course of business. Each electronic copy had a certified mail number that corresponded to receipts obtained from the U.S. Postal Service bearing Mr. Haag's signature and indicating delivery on December 4, 2003.

The Haags responded by filing a motion to compel settlement agreement (viewing the government's earlier decision to provide the Haags with a substitute CDP hearing as a settlement offer accepted by the Haags) and a motion to disqualify the Department of Justice from representing the government. The case

was subsequently transferred to Judge Young, who granted the government's motion for summary judgment and dismissed the Haags' action. The Haags appeal and we affirm.

The Haags' action rested primarily on the premise that they had not received the statutory notice. The government was entitled to summary judgment if the record, taken in the light most favorable to the nonmovants, showed that there is "no genuine issue of material fact" and that "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c). Our review of the grant of summary judgment is de novo. Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006).

The government's affidavits were sufficient, absent contrary evidence, to show that notification letters were sent to the Haags in a timely manner, which is the government's initial burden. 26 U.S.C. § § 6320(a)(2). Indeed, the evidence of receipts signed by Robert Haag support the conclusion that the letters were in fact received at the Haag residence. Kathleen Haag does not claim that such notice, if it occurred, was insufficient as to her.

The IRS computerized records would be admissible at trial and are a conventional method of proving correspondence under the business records exception to the hearsay doctrine. Fed. R. Evid. 803(6); see also, e.g., United States v. Moore, 923 F.2d 910, 914-15 (1st Cir. 1991); United States v. Hayes, 861 F.2d 1225, 1228-29

(10th Cir. 1988). A government deponent described the operation of the computer-generated system of sending letters; and an affiant described the location in an IRS computer of copies of the letters sent to the Haags with certified mail numbers matching the numbers on the receipts signed by Robert Haag.

The Haags argue the government failed to show that the letters were actually placed into the envelopes sent to them, but deposition testimony of a government employee describes the ordinary procedures, which explicitly include the mailing of the letters in cases like the Haags'; and, absent affirmative evidence to the contrary, the inference is that the procedure was followed in this case and that the envelope did not arrive empty. Godfrey v. United States, 997 F.2d 335, 338 (7th Cir. 1993).

Of course, Robert Haag could have offered an affidavit that the envelopes did arrive empty or contained something other than the proper notices and that might have generated a genuine issue of fact. But he did not: he merely claimed not to remember what was inside the envelopes. Haag's lack of memory in these circumstances is hardly affirmative evidence of non-receipt that might bar summary judgment for the government.

The Haags say that neither the government's affiant nor its deponent had personal knowledge that the letters were placed in the envelopes, but the presence of the information in the computer system and the nature of ordinary practice were established based

on personal knowledge, and that was enough to infer what actually happened. The Haags suggest that other government employees would have testified in their favor; but the suggestion is pure speculation and does not defeat summary judgment. Iverson, 452 F.3d at 98.

The Haags say that, before the case was transferred to Judge Young, Judge Keeton had found that the government's evidence failed to support summary judgment, noting that the docket sheet for a December 15, 2005, hearing that states: "REK rules that 11/21/03 letter does not provide proof of notice." In fact, the transcript shows that Judge Keeton chose not to rule on the summary judgment motion and instead merely permitted the Haags additional time for discovery.

The Haags also contest the district court's denial of their motion to enforce a supposed settlement agreement to provide a substitute hearing; as already noted, the government counsel unilaterally proposed the substitute hearing before discovering that letters had been sent. There does not appear to have been any formal agreement, but a substitute CDP hearing was held in August 2005. The Haags say it was not an adequate hearing.

The government's provision of a hearing was based on a mistaken assumption, encouraged by the Haags' lawsuit, that the government had not provided original notice. The Haags were not entitled to the hearing at all and have not shown why the allegedly

unsatisfactory hearing left them worse off than no hearing at all. There may be situations where it would be unfair for the government to back away from process it mistakenly offered; this is not one of them.

Nor is there anything to the Haags' motion to disqualify the Justice Department from representing the government. The gravamen is the refusal of government counsel to accept the Haags' February 2006 offer of $300,000 to resolve a government claim six times larger. The Haags say that they were entitled to have an "unbiased" officer consider the offer, but their claim rests on CDP hearing requirements which do not apply to counsel litigating in the district court.

There is one final wrinkle. While this appeal was pending, Robert Haag filed with us a suggestion of bankruptcy (his own). Although neither side has argued that Robert Haag's appeal is barred by the automatic stay, 11 U.S.C. § 362 (2000), that provision where it applies binds the court itself. Even if the automatic stay did apply to Robert Haag's case, it would have no impact on that of Kathleen Haag.

On its face, the automatic stay provided by section 362(a)(1) applies only to actions "against the debtor." The suit brought by the government in 2002 against Robert Haag could qualify, but the district court's final judgment in that matter was not appealed; we have before us only an appeal by the

Haags of a suit they themselves brought, not a suit "against the debtor."

Occasionally, a court has held that an action brought by a debtor should be re-characterized as a further phase of a suit against the debtor. In particular, the Ninth Circuit held, in disagreement with three other circuits, that a debtor's de novo action in the Tax Court to redetermine a tax deficiency should be treated as a "continuation" of an administrative proceeding against the debtor and so stayed.[2]

There is much to be said for the mechanical rule followed by the plurality of circuits; Congress chose to stay only actions against the debtor and not those by him even though each can have adverse effects on the estate and other third party interests. This case--where a looser approach has not been urged and Haag did in fact get notice--is no occasion for a departure from the statutory terms.

Affirmed.

---

[2]Compare Delpit v. Comm'r, 18 F.3d 768, 770-71 (9th Cir. 1994), with Rhone-Poulenc Surfactants and Specialities, LP v. Comm'r, 249 F.3d 175, 180 (3d Cir. 2001); Roberts v. Comm'r, 175 F.3d 889, 894-95 (11th Cir. 1999); Freeman v. Comm'r, 799 F.2d 1091, 1092-93 (5th Cir. 1986) (per curiam).