NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2008[*]
Decided April 30, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3441

| | |
|---|---|
| CURTIS L. HOLT, | Appeal from the United States District Court |
|     *Plaintiff-Appellant*, | for the Northern District of Indiana, Hammond Division. |
|     *v.* | |
| | No. 04 C 402 |
| FORD MOTOR CREDIT COMPANY and PAUL HEURING FORD, INC., | Philip P. Simon, |
|     *Defendants-Appellees*. | *Judge*. |

**O R D E R**

In 2002 Curtis Holt purchased a sport-utility vehicle from Paul Heuring Ford ("the dealership"), but two years later, Ford Motor Credit Company (FMCC) repossessed the vehicle because Holt had defaulted on his purchase contract. Holt sued the dealership and FMCC for violations of federal and state law, arguing that the dealership had forged his

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

signature on the purchase contract and that he had instead bought the vehicle under an oral contract with a lower monthly payment. The district court granted summary judgment in favor of the dealership and FMCC. Holt appeals, arguing that the district court ignored material factual disputes. Because no reasonable jury could have found for Holt on any of his claims, we affirm the grant of summary judgment.

We review grants of summary judgment *de novo*. *Perez v. Illinois*, 488 F.3d 773, 776 (7th Cir. 2007). We will uphold a grant of summary judgment only where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact. FED. R. CIV. P. 56(b); *Tubergen v. St. Vincent Hosp. and Health Care Ctr., Inc.*, 517 F.3d 470, 473 (7th Cir. 2008). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007).

There is no genuine dispute with regard to Holt's forgery claim. In *United States v. Torres*, 142 F.3d 962, 968 (7th Cir. 1998), we held that there was no issue of material fact where forgery claims were contradicted by a sworn statement from a forensic document expert and the testimony of a witness to the signature. Holt has sworn in an affidavit that he did not sign the contract, and he supports this assertion with the claim that he usually signs his name with his middle initial, which the contract signature lacked, and that he would never have paid the price agreed to in the contract. But Holt admitted that other copies of his signature without a middle initial were genuine, and he paid the monthly payments on the written contract for over a year. Furthermore, FMCC retained a handwriting expert who opined that the signatures were Holt's. Holt's unsupported forgery assertion is therefore internally inconsistent and is belied by the evidence in the record. See *Scott*, 127 S. Ct. at 1776 (holding that material facts are not genuinely in dispute "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record"). Thus, there was no need for a trial on the forgery claim.

Nor was there a genuine issue of material fact as to Holt's fraud claim. To prove fraud under Indiana law, a plaintiff must show reliance upon a false representation of fact, *A.I. Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 635 (7th Cir. 2001); *Doe v. Howe Military Sch.*, 227 F.3d 981, 990; (7th Cir. 2000), and Holt has not pointed to any competent evidence that he relied upon a false representation. Rather, he asserts that an employee of the dealership told him that he could buy the vehicle for less than the price that was ultimately reflected in the contract. But the written contract contains the price, and so even if someone at the dealership quoted Holt a lower price, he was nonetheless informed of the correct price, which he paid for over a year. Therefore, Holt could not prevail on his fraud claim.

Next, the district court granted summary judgment on the wrongful repossession claim because it concluded that Holt was delinquent in his payments and therefore in

default on his purchase contract. We cannot affirm on that ground because FMCC failed to provide documentation of Holt's payments, and the record is inconclusive on whether Holt was current on his payments at the time of the repossession. But the record does establish that Holt was in default in another way: he admits that he allowed the vehicle to come under a second lien from the Indiana Department of Revenue. Holt argues that the court could not consider the second lien because (he says) the letter offered by FMCC to show that the lien existed was inadmissible hearsay evidence. But Holt did not challenge the admissibility of this document in the district court, and even if he had, he would not have prevailed. The letter was a record of regularly conducted activity and was admissible under the business record exception to the hearsay rule. See FED. R. EVID. 803(6); *Haag v. United States*, 485 F.3d 1, 3 (1st Cir. 2007) (holding computerized records of letters giving notice of tax liens admissible). Holt defaulted when he allow the second lien to be imposed on the vehicle, and under the terms of the contract, this was an event that gave the dealership the right to repossess the vehicle. Summary judgment was therefore proper on this claim as well.

Finally, Holt waived all of his federal statutory claims by failing to mention them on appeal, let alone argue how the district court erred in dismissing them. See *McCoy v. Maytag Corp.*, 495 F.3d 515, 525 (7th Cir. 2007).

AFFIRMED.