SELYA, Circuit Judge.
 

 A seventeenth-century parable teaches that “[f]or want of a nail ... the kingdom was lost.”
 
 [1]
 
 Now, as then, the lesson to be learned is that small omissions can have large consequences. This appeal illustrates the point.
 

 On March 1, 2004, High Voltage Engineering Corporation (HVE) and certain affiliates commenced voluntary Chapter 11 cases pursuant to 11 U.S.C. § 301. These filings created for each debtor a distinct bankruptcy estate.
 
 Id.
 
 § 541. The cases were assigned to Judge Feeney, who confirmed a reorganization plan (the 2004 Plan) on July 21, 2004. The 2004 Plan became effective on August 10, 2004. Its confirmation constituted a final order, pursuant to which the terms of the 2004 Plan, together with the confirmation order, conclusively bound all holders of claims and interests.
 
 See id.
 
 § 1141. The 2004 Plan specifically provided that the court (defined as the bankruptcy court or any other court having jurisdiction over the Chapter 11 cases) retained “exclusive jurisdiction of all matters arising out of, and related to the Chapter 11 Cases or this Plan,” including the determination of any and all disputes relating to administrative expense claims.
 

 As might be expected, the 2004 Plan and confirmation order provided for the payment of administrative expenses that arose during the currency of the Chapter 11 cases, including claims for professional fees incurred up to and including August 10, 2004. Pertinently, four firms (three of which appear as appellees before us) filed timely applications for payment of their fees. They included Evercore Restructuring, LLC (the debtors’ financial advisor); Jefferies & Co. (the noteholders’ financial advisor); Fried, Frank, Harris, Shriver
 
 &
 
 Jacobson LLP (the debtors’ principal law firm); and Stroock & Stroock
 
 &
 
 Lavan LLP (another law firm representing the debtors).
 

 The bankruptcy court granted the fee applications on November 8, 2004, and allowed fees totaling approximately $5,500,000. The fee awards were paid in due course as follows: Evercore— $2,341,139.71; Jefferies — $1,426,865.37; Fried, Frank — $1,254,572.04; and Stroock — $497,937.03.
 

 
 *317
 
 The reorganization was a dismal failure. On February 8, 2005, reorganized HVE and certain affiliates filed new Chapter 11 petitions. Each of the filings commenced a separate and distinct case and created a new bankruptcy estate consisting of property that existed as of the second filing date.
 
 See
 
 11 U.S.C. § 541. The 2005 cases were assigned to the same bankruptcy judge. They were jointly administered with one another but not with the 2004 cases (which by then were largely inactive).
 

 Soon after the commencement of the 2005 cases, the bankruptcy court appointed the appellant, Stephen S. Gray, as trustee. In that capacity, he assumed control of the 2005 debtors and became the person entitled to assert their rights and claims.
 

 On May 17, 2006, the trustee filed a liquidating plan of reorganization (the 2006 Plan). That plan resolved all claims of the equity holders and creditors who had asserted interests in the 2005 cases; established a liquidating trust; and nominated the appellant as the liquidating trustee. The bankruptcy court approved the 2006 Plan on July 10, 2006, including the appointment of the liquidating trustee. The 2006 Plan did not purport to modify the terms of, or revoke, the 2004 Plan.
 

 We step back for a moment. On November 9, 2005, the appellant, while serving as the Chapter 11 trustee in the 2005 cases, sought to vacate the November 8 fee orders
 
 in the 2001 cases.
 
 To this end, he invoked Federal Rule of Civil Procedure 60(b) and filed identical motions for relief from judgment in the 2004 and 2005 cases.
 
 [2]
 
 The reasons for this dual filing are obscure, as the fees had been awarded and paid solely in the 2004 cases; the professionals in the two sets of cases were different; and the bankruptcy court had never entered an order consolidating all the cases.
 

 The 2006 confirmation order was entered while the Rule 60(b) motions were pending. That order did not purport to assert jurisdiction in the 2005 cases over either the fee orders or the Rule 60(b) motion previously filed in the 2004 cases. Instead, it simply retained jurisdiction over the 2005 cases.
 

 On January 19, 2007, the bankruptcy court entered identical orders on each of the dockets comprising the 2004 cases and on each of the dockets comprising the 2005 cases. Each order purposed to deny the Rule 60(b) motion that had been filed in that subset of cases.
 
 See In re High Voltage Eng’g Corp.,
 
 363 B.R. 8 (Bankr.D.Mass.2007) (order denying Rule 60(b) motion in 2004 cases);
 
 In re High Voltage Eng’g Corp.,
 
 360 B.R. 369 (Bankr.D.Mass.2007) (counterpart order in 2005 cases). The trustee responded by filing a notice of appeal exclusively in the 2005 cases. He never appealed the denial order entered in the 2004 cases.
 

 One of the 2004 fee recipients, Evercore, moved to dismiss the only appeal that had been filed (the appeal in the 2005 cases). The other fee recipients joined the motion.
 

 On September 26, 2007, the district court granted the motion to dismiss. It noted that the appeal period had run on the order denying Rule 60(b) relief in the 2004 cases and that, therefore, the denial of relief had become final. On that basis, it held that prosecution of the appeal in the 2005 cases was barred by tenets of res judicata.
 
 In re High Voltage Eng’g Corp.,
 
 
 *318
 
 379 B.R. 399, 402-03 (D.Mass.2007). This timely appeal followed.
 
 [3]
 

 The beacon by which we must steer is luminous. The district court dismissed the bankruptcy appeal as a matter of law, and we review such a dismissal de novo.
 
 See In re Colonial Mortg. Bankers Corp.,
 
 324 F.3d 12, 15 (1st Cir.2003). That standard of review applies to orders of dismissal grounded on concepts of res judicata.
 
 See, e.g., id.; Gonzalez v. Banco Cent. Corp.,
 
 27 F.3d 751, 755 (1st Cir.1994). We are not tied to the district court’s rationale, but may uphold its order on any independent basis made manifest by the record.
 
 See InterGen N.V. v. China,
 
 344 F.3d 134, 141 (1st Cir.2003).
 

 We need not tarry. It is an elementary principle that a notice of appeal cannot be filed in a desultory fashion but, rather, must specify a particular order or judgment and must be filed within the four corners of the case in which that order or judgment was entered.
 
 See, e.g., Constructora Andrade Gutiérrez, S.A. v. Am. Int’l Ins. Co.,
 
 467 F.3d 38, 43-44 (1st Cir.2006);
 
 United States v. Carelock,
 
 459 F.3d 437, 442-43 (3d Cir.2006);
 
 see also Smith v. Barry,
 
 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (warning that “noncompliance [with Federal Rule of Appellate Procedure 3] is fatal to an appeal”). The trustee transgressed this principle: the orders of which he complained (the November 8, 2004 fee orders) concerned only the 2004 cases and were entered exclusively on the docket in those cases. Consequently, the challenge to them — the Rule 60(b) motion — had to be filed in those cases.
 
 See, e.g.,
 
 Fed.R.Civ.P. 60 advisory committee’s note (1946 amend.) (indicating that motion under Rule 60(b) must be brought “in the court and in the action in which the judgment was rendered”);
 
 see also Budget Blinds, Inc. v. White,
 
 536 F.3d 244, 252-56 (3d Cir.2008) (collecting cases); 12 James Wm. Moore et al.,
 
 Moore’s Federal Practice
 
 — Civil § 60.60 (explaining “that the drafters of [Rule 60(b)] contemplated that the motion ... would always be brought in the court and in the action in which the judgment was rendered”) (citation and internal quotation marks omitted). Thus, even though the trustee, for whatever reason, double-filed the Rule 60(b) motion in the 2005 cases, that additional filing was a nullity. After all, the motion did not identify any order
 
 in the 2005 cases
 
 that was subject to rescission, vacation, or modification.
 

 It follows, then, that when the bankruptcy court denied the Rule 60(b) motion, that denial had practical force and effect only in the 2004 cases. The court duly entered its order in those cases. The trustee, however, took no appeal in those cases. The appeal period ran. Thus — as the district court observed — the denial order became final and unappealable.
 
 See
 
 Fed. R.App. P. 4(a)(1)(A);
 
 see also Bowles v. Russell,
 
 — U.S. -, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007). That was game, set, and match.
 

 To be sure, the bankruptcy court also entered its order denying Rule 60(b) relief in the 2005 cases. But in all probability that was done to tie up a loose end. The trustee had double-filed the Rule 60(b) motion in those cases, and some disposition had to be made of it. Since the motion asked for remediation that could not be granted
 
 in the 2005 cases,
 
 the filing was misdirected. Hence, the bankruptcy court
 
 *319
 
 was obliged to strike or deny the motion. That it chose the latter course cannot confer upon the trustee appeal rights that would not otherwise exist.
 

 Given this procedural background, the district court was plainly correct in regarding the appeal in the 2005 cases as impuis-sant. Accordingly, the court did not err in dismissing that appeal.
 

 The trustee suggests that the close relationship between the 2004 cases and the 2005 cases somehow justified treating them as consolidated. This suggestion represents an elevation of hope over reason. We have scoured the record and find nothing that remotely resembles an order consolidating the two sets of cases. The absence of such an order conclusively refutes the trustee’s suggestion.
 
 See, e.g., United States v. Correa,
 
 114 F.3d 314, 317 (1st Cir.1997) (emphasizing need, as a prerequisite for a finding of consolidation in a sentencing appeal, for “actual order of consolidation or ... some other persuasive indicium of formal consolidation apparent on the face of the record”);
 
 see also Lefkowitz v. Fair,
 
 816 F.2d 17, 22 (1st Cir.1987) (noting that trial courts speak to appellate courts through orders and decrees, and refusing to embellish upon a district court order that “contained not the slightest ambiguity” and was “barren of any reference” to the petitioner’s assertion).
 

 In all events, even if consolidation were a reality — and it is not — the general rule in this circuit is that consolidated cases remain separate and distinct for purposes of appeal.
 
 See In re Mass. Helicopter Airlines, Inc.,
 
 469 F.2d 439, 441 — 42 (1st Cir.1972). That separateness would require the filing of a notice of appeal in the 2004 cases even if those cases had been consolidated with the 2005 cases.
 
 [4]
 

 See id.
 
 This result would comport with the practice elsewhere.
 
 See, e.g., Stacey v. Charles J. Rogers, Inc.,
 
 756 F.2d 440, 442-43 (6th Cir.1985) (holding that the fact that appellants in one consolidated action timely filed a motion for new trial did not toll appeal period in consolidated action);
 
 Hallowell v. C.I.R.,
 
 744 F.2d 406, 407 n. 1 (5th Cir.1984) (stating that failure to file notice of appeal in one of two suits barred appellate review of that suit, despite filing of notice of appeal in other suit).
 

 The short of it is that the trustee filed his notice of appeal in the wrong set of eases. That misdirected filing deprived the district court of jurisdiction to modify, vacate, or rescind the fee awards.
 
 See, e.g., In re Caribbean Tubular Corp.,
 
 813 F.2d 533, 534-35 (1st Cir.1987);
 
 In re Abdallah,
 
 778 F.2d 75, 77 (1st Cir.1985). The district court had no choice, therefore, but to dismiss the appeal that had improvidently been taken in the 2005 cases.
 
 [5]
 

 
 *320
 
 For the benefit of those to whom insistence upon such punctilio may seem hyper-technical, we repeat what we wrote several years ago in analogous circumstances:
 

 [T]he web of [procedural] rules exists for a purpose. If courts did not demand that litigants recognize and respect jurisdictional borders, the judicial system would be adrift in a sea of competing decrees and duplicative proceedings.
 

 Toscano v. Chandris, S.A.,
 
 934 F.2d 383, 387 (1st Cir.1991). If courts, having devised procedures for the orderly appeal of cases, did not require litigants to follow those procedures, injustice and inefficiency would inevitably result. After all, “[u]nen-forced rules are no rules at all.”
 
 Id.
 

 We need go no further. For the reasons elucidated above, we hold that the district court did not err in dismissing the trustee’s appeal.
 

 Affirmed.
 

 [1]
 

 . The parable in its entirety reads:
 

 "For want of a nail the shoe was lost. For want of a shoe the horse was lost. For want of a horse the ride was lost. For want of a rider the battle was lost. For want of a battle the kingdom was lost.”
 

 [2]
 

 . The rule provides that ''[o]n motion and just terms,” a court "may relieve a party or its legal representative from a final judgment [or] order” for certain enumerated reasons. Fed. R.Civ.P. 60(b). These reasons include "newly discovered evidence,” (b)(2), "fraud ..., misrepresentation, or misconduct," (b)(3), and "any other reason that justifies relief,” (b)(6).
 

 [3]
 

 . Originally, all four fee recipients appeared as appellees. After briefing and oral argument, however, one of the fee recipients-Jef-feries & Co.-entered into a global settlement of this and other claims with the trustee. The trustee subsequently discontinued the appeal as to Jefferies.
 

 [4]
 

 . In
 
 Bay State HMO Management, Inc. v. Tingley Systems, Inc.,
 
 181 F.3d 174 (1st Cir.1999), we held that consolidated cases may be treated as a single entity for purposes of res judicata.
 
 Id.
 
 at 180. We acknowledged, however, that
 
 Massachusetts Helicopter
 
 continues to provide “the rule of this circuit regarding the separateness of consolidated cases for the one purpose of appeal.”
 
 Id.
 
 at 178.
 

 [5]
 

 . Let us be perfectly clear. A few cases have held or intimated that a notice of appeal
 
 inadvertently
 
 filed under the wrong docket number sometimes may be treated as if it had been filed under the proper docket number.
 
 See, e.g., United States v. Grant, 256
 
 F.3d 1146, 1150-51 (11th Cir.2001);
 
 Marshall v. Hope Garcia Lancarte, Inc.,
 
 632 F.2d 1196, 1197 (5th Cir.1980);
 
 Scherer v. Kelley,
 
 584 F.2d 170, 174-75 (7th Cir.1978). Here, however, there is no reason to believe that the trustee inadvertently filed his notice of appeal in the 2005 cases rather than in the 2004 cases. He has never claimed mistake, nor has he sought to amend his notice of appeal to reflect a different docket number. To the contrary, the trustee continued to maintain, as late as oral argument in this court, that his notice of
 
 *320
 
 appeal was correctly filed in the 2005 cases because the 2004 and 2005 cases had "blended together.”