# United States Court of Appeals

## For the First Circuit

Nos. 08-1355; 08-2368

KATHLEEN HAAG,

Plaintiff - Appellant,

v.

UNITED STATES;
INTERNAL REVENUE SERVICE,

Defendants - Appellees.

No. 08-1472

ROBERT HAAG; KATHLEEN HAAG,

Plaintiffs - Appellants,

v.

UNITED STATES;
INTERNAL REVENUE SERVICE,

Defendants - Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before
Boudin and Howard, <u>Circuit Judges</u>, and
Tashima,[*] <u>Senior Circuit Judge</u>.

―――――――――

<u>Timothy J. Burke</u> for appellants.
<u>John Schumann</u>, Tax Division, U.S. Department of Justice,
with whom <u>John A. DiCicco</u> and <u>Bridget M. Rowan</u> were on briefs,
for appellees.

―――――――――

December 14, 2009

―――――――――

―――――――――

[*]     Of the Ninth Circuit, sitting by designation.

**Tashima**, <u>**Senior Circuit Judge**</u>.    In 2002, the United States brought an action in district court against taxpayers Robert and Kathleen Haag to reduce to judgment federal income tax liabilities.    In her answer, Kathleen Haag asserted an innocent spouse defense under 26 U.S.C. § 6015, which the district court subsequently rejected by granting partial summary judgment to the United States.

Meanwhile, in November 2003, during the pendency of the government action, the Internal Revenue Service ("IRS") filed a notice of federal tax liens against the Haags.  The Haags responded by filing suit against the United States, alleging that they had been deprived of their statutory right to a Collection Due Process ("CDP") hearing with respect to the tax liens, because the IRS failed properly to notify them of their right to such a hearing under 26 U.S.C. § 6320.

The district court consolidated the two actions in December 2004.

With respect to the government's collection action, the district court eventually entered judgment against the Haags in January 2006 in the amount of approximately $1.85 million, a judgment the Haags did not appeal.

With respect to the Haags' action, the government initially conceded that the Internal IRS had failed to send proper notice of the tax liens, and thus agreed to provide the Haags with

a substitute CDP hearing. That hearing was held in August 2005, and Kathleen Haag again asserted an innocent spouse defense.

Shortly after the hearing, however, the government discovered evidence that it had in fact sent the proper notice, and thereafter moved for summary judgment on the Haags' complaint. The district court agreed and granted judgment to the United States on August 1, 2006, from which the Haags timely appealed.[1]

This court affirmed, concluding that the government had provided the proper notice. Consequently, the Haags "were not entitled to the hearing at all." Haag v. United States, 485 F.3d 1, 4 (1st Cir. 2007) ("Haag I").

Haag I did not, however, end the saga. The controversy spawned two more actions that are the subject of the present appeals. On these appeals, we have little trouble concluding that these actions are foreclosed by the res judicata effects of Haag I.

First, following the district court's August 1, 2006, judgment (but prior to our decision in Haag I), the Haags filed a second action against the United States in district court, again alleging improper notice — this time because *their attorney* supposedly failed to receive notice of the tax liens ("Haag II"). The district court administratively closed the case in late 2006 on

---

[1]     Notwithstanding the district court's judgment, the IRS subsequently issued a decision letter on August 31, 2006, sustaining enforcement of the tax liens and rejecting all claims raised by the Haags at the CDP hearing, including Kathleen Haag's innocent spouse defense.

account of Robert Haag's bankruptcy, then denied several motions to reopen, on the ground that Haag I barred the action under res judicata. The Haags timely appealed from the last such denial, and we have construed it as a final order terminating the case subject to our appellate jurisdiction.

Second, in October 2007, Kathleen Haag filed a third action against the United States in district court ("Haag III"), alleging that in her August 2005 CDP hearing — the one to which she was not entitled — the IRS improperly failed to consider her innocent spouse defense. The district court also dismissed that action on res judicata grounds in January 2008. Kathleen Haag timely appealed. She then filed a motion for relief from judgment in September 2008, which the district court denied, and from which Kathleen Haag again appealed.

After carefully reviewing the record, we conclude that neither of these appeals has merit.

## I. Discussion

We review dismissals based on res judicata de novo. See Gray v. Evercore Restructuring, L.L.C. (In re High Voltage Eng'g Corp.), 544 F.3d 315, 318 (1st Cir. 2008). The other orders of the district court are based on similar conclusions of law grounded in

res judicata.  We therefore review those orders under a de novo standard as well.  See id.

Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in the prior action.  See Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994).  "Accordingly, the elements of res judicata are (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits."  Id.

With respect to the claims raised in Haag II, each of these elements is met.

There is little dispute as to the first and third elements.  In Haag I, the district court entered a final judgment on the merits against the Haags that, *inter alia*, rejected their claim of improper notice, a judgment this court subsequently affirmed.  Both Kathleen and Robert Haag were parties to the earlier suit, as was the United States.  Thus, identicality of parties and the final judgment requirement are easily met.

On the second element, identicality of causes of action, this court employs a transactional analysis whereby identity exists "if both sets of claims — those asserted in the earlier action and those asserted in the subsequent action — derive from a common

nucleus of operative facts." Id. Put another way, "as long as the new complaint grows out of the same transaction or series of connected transactions as the old complaint, the causes of action are considered to be identical." Kale v. Combined Ins. Co., 924 F.2d 1161, 1166 (1st Cir. 1991) (internal quotation marks and citations omitted).

The claims in Haag I and II satisfy this standard and are essentially identical: Both allege that the IRS failed to provide proper notice of the November 2003 tax liens under 26 U.S.C. § 6320. The only conceivable difference is that in Haag I, the Haags claimed they personally did not receive effective notice, while in Haag II they claim their *attorney* did not receive such notice. This is a distinction without a difference. The Haag II claim, whether tied to the taxpayers or their attorney, "grows out of the same transaction" as the old complaint and arises from a "common nucleus of operative facts:" the notice provisions triggered by the November 2003 tax liens, and whether the IRS complied with those provisions.

Moreover, the Haags could have and should have brought their "notice to counsel" argument as part of Haag I. Nothing prevented them from doing so. Whether their attorney received notice in November of 2003 was instantly discernible to them and their lawyer, and they needed nothing further from the courts or any other party to press this claim in Haag I. Essentially, the

- 7 -

Haags want to litigate the notice issue piecemeal, but such a strategy is barred by res judicata.

A similar conclusion attends the claims in Haag III. In Haag III, Kathleen Haag asserts that she was improperly prevented from raising an innocent spouse defense at the CDP hearing held in August 2005. However, both Kathleen Haag's innocent spouse defense and the contours of her right, if any, to a hearing were fully adjudicated in Haag I and resulted in a final judgment on the merits against her. Further, Kathleen Haag is attacking a supposed defect in a hearing to which she was not entitled in the first place and, as in Haag I, we fail to understand "why the allegedly unsatisfactory hearing left [her] worse off than no hearing at all." 485 F.3d at 4.

Because the complaint in Haag III concerns the "same nucleus of operative facts" as in Haag I, it is barred by res judicata, as is the complaint in Haag II.

## II. Conclusion

The orders of the district court are therefore **AFFIRMED.**