T.C. Memo. 2011-87

UNITED STATES TAX COURT

KATHLEEN HAAG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8915-10.                    Filed April 19, 2011.


        P and H filed joint returns and failed to pay tax
for 8 years (1985-91 and 1993).  R served a notice of
proposed levy in September 1999.  In 2002 R authorized
a collection suit to be brought against P and H in
District Court; and P raised as an affirmative defense
the claim that she was entitled to relief under I.R.C.
sec. 6015(b) and (f).  The parties cross-moved for
summary judgment on the I.R.C. sec. 6015 issue, and the
District Court held in favor of R on the grounds that
P's assertion of the claim was untimely under I.R.C.
sec. 6015(b)(1)(E) and 26 C.F.R. sec. 1.6015-5(b)(1),
Income Tax Regs.  The court entered judgment in favor
of the Government and against P and H.  P and H
appealed, not raising the I.R.C. sec. 6015 issue, and
the Court of Appeals for the First Circuit affirmed in
April 2007.  In October 2007 P filed suit in District
Court claiming an entitlement to I.R.C. sec. 6015
relief for the same 8 years, but the District Court
dismissed the suit on grounds of res judicata.  In
April 2009 this Court held in <u>Lantz v. Commissioner</u>,

132 T.C. 131 (2009), revd. 607 F.3d 479 (7th Cir. 2010), that the 2-year deadline in sec. 1.6015-5(b)(1), Income Tax Regs., is invalid when applied to innocent spouse claims under I.R.C. sec. 6015(f). In July 2009 P filed new requests for relief under I.R.C. sec. 6015(f), citing Lantz. R did not grant P's requests, and P filed a petition in this Court. R moved for summary judgment on grounds of res judicata.

Held: Res judicata precludes P's attempted relitigation of her I.R.C. sec. 6015(f) claim for the years that were the subject of the prior District Court collection suit.

Timothy J. Burke, for petitioner.

Patrick F. Gallagher, for respondent.

MEMORANDUM OPINION

GUSTAFSON, Judge: Petitioner Kathleen Haag seeks this Court's review, pursuant to section 6015(e),[1] of the denial by the Internal Revenue Service (IRS) of her requests for relief from her liability for income taxes for eight taxable years, for which she filed joint returns with her husband. The case is currently before the Court on respondent's motion for summary judgment filed under Rule 121. We will grant that motion and sustain the IRS's determination on grounds of res judicata.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 (26 U.S.C.), as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time she filed her petition, Mrs. Haag resided in Massachusetts.

### IRS collection of the Haags' unpaid taxes

For the eight years 1985 through 1991 and 1993, Mrs. Haag filed joint tax returns with her husband, Robert F. Haag. The IRS examined their returns and assessed deficiencies, additions to tax, and interest. The Haags did not fully pay those liabilities. The IRS filed notices of Federal tax lien against the Haags: in July 1992 for tax years 1985, 1986, and 1987; in October 1994 for tax years 1988, 1989, 1990, and 1992; and in May 1995 for tax year 1993. On September 14, 1999, the IRS issued to each of the Haags a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing for their joint liabilities for each of those eight tax years.[2]

---

[2]In her statement of facts in dispute, submitted in United States v. Haag (Haag I), 94 AFTR 2d 2004-6665, 2005-1 USTC par. 50,131 (D. Mass. 2004), affd. 485 F.3d 1 (1st Cir. 2007), discussed below, Mrs. Haag admits that the IRS issued the levy notices in September 1999. Pursuant to Fed. R. Evid. 201, we take judicial notice of the record of Haag I and the other District Court cases discussed herein. Mrs. Haag now appears to deny the fact, but under Rule 121 she cannot rely on her mere denial when opposing the IRS's motion for summary judgment, but rather she must submit evidence to raise a genuine issue of material fact. She has not submitted an affidavit or other evidence to do so, and we take the fact as admitted in Haag I.

Haag I

In December 2002 the Government filed suit against Mr. and Mrs. Haag in the U.S. District Court for the District of Massachusetts (the District Court) in order to reduce their unpaid assessed taxes, interest, and additions to tax to judgment.  United States v. Haag (Haag I), 94 AFTR 2d 2004-6665, 2005-1 USTC par. 50,131 (D. Mass. 2004), affd. 485 F.3d 1 (1st Cir. 2007).  The years at issue in Haag I were the eight years that were the subject of the notice of levy (i.e., 1985-1991 and 1993) and the year 2001 (later dismissed as moot),[3] and the Haags' total unpaid balance for those nine years as of December 23, 2002, was over $1.6 million.

The IRS refiled notices of Federal tax lien against the Haags in November 2003; and in November 2004, while the Haag I collection suit remained pending, the Haags filed suit against the Government in the District Court, Haag v. IRS, No. 04-12344 (D. Mass. filed Nov. 4, 2004), alleging that the IRS deprived them of their collection due process (CDP) rights by failing to notify them of their right to a CDP hearing when it refiled the notices of Federal tax lien in 2003.  The Haags sought civil damages for unauthorized collection actions under section 7433,

---

[3]The District Court found that the issue of the Haags' tax liability for 2001 was moot because the liability had been paid. We will therefore not further discuss the 2001 year, since it has no bearing on the outcome of this case.

injunctive relief mandating a CDP hearing, declaratory relief, attorney's fees, and costs. The District Court consolidated the Haags' suit with the Haag I collection suit.

In the answer she filed in Haag I, Mrs. Haag raised innocent spouse relief under section 6015(b)(1) and (2) and (f) as an affirmative defense. For purposes of the IRS's motion for summary judgment in this case, we will assume arguendo that Mrs. Haag's section 6015(f) defense was meritorious and should have been upheld. But when Mrs. Haag moved in Haag I for summary judgment on her claim for innocent spouse relief, the Government cross-moved for partial summary judgment on that claim, asserting that Mrs. Haag did not qualify for relief because she failed to request relief within two years after the IRS began its collection activities[4]--as required by statute for an election under section 6015(b) or (c), see sec. 6015(b)(1)(E), (c)(3)(B), and as required by regulation for a request for equitable relief under section 6015(f). 26 C.F.R. section 1.6015-5(b)(1), Income Tax Regs., provides:

---

[4]With its summary judgment motions, first in the District Court and later in this Court, the Government submitted transcripts of account for the Haags for the tax years in question. Although those account transcripts show notices of Federal tax lien filed against the Haags in 1992, 1994, and 1995, the Government's motions measure the timeliness of Mrs. Haag's innocent spouse requests relative to the 1999 levy notice. Obviously, if Mrs. Haag's requests were untimely as to the later levy action, they were even more untimely as to the earlier lien filings.

to request equitable relief under § 1.6015-4, a requesting spouse must file Form 8857 or other similar statement with the Internal Revenue Service no later than two years from the date of the first collection activity against the requesting spouse after July 22, 1998, with respect to the joint tax liability.

However, in Mrs. Haag's instance the IRS's collection activity began no later than September 1999 (when it issued the notice of proposed levy), but she did not make any request or election for innocent spouse relief within two years. Rather, more than three years elapsed with no election and no request before the IRS commenced Haag I (and Mrs. Haag raised her affirmative defense).

In September 2004 the District Court denied Mrs. Haag's motion for summary judgment because it held, as to the eight years still at issue (after the dismissal of 2001 as moot), that she failed to timely seek relief for the remaining years within the two-year period allowed by the statute and the regulation. The court granted the Government's motion for partial summary judgment on the innocent spouse claim, holding that Mrs. Haag could not meet the legal requirements for seeking innocent spouse relief for the remaining years because she had failed to timely raise the innocent spouse issue.[5] See Haag I.

_____

[5]The statutory bars of section 6015(b)(1)(E) and (c)(3)(B) were unassailable in the District Court action, and the record contains no indication of any direct challenge to the validity of 26 C.F.R. section 1.6015-5(b)(1), Income Tax Regs., in any of Mrs. Haag's District Court cases. It is not clear whether Mrs. Haag sought relief under section 6015(c), and there is nothing in the record to suggest that she was divorced,
(continued...)

The Government proved that in November 2003 the IRS had sent the notice of lien required by section 6320(a) (by producing reprints of the 2003 lien notices and certified mail records showing that Mr. Haag signed for the 2003 lien notices), and in January 2006 the District Court granted the Government's motion for summary judgment on the Haags' notice claim and dismissed the Haags' action.

The Haags appealed Haag I, specifically challenging (1) the dismissal of their claim for damages for the IRS's alleged failure to provide them with collection notices and notices of their right to a CDP hearing; (2) the denial of their motion to enforce a supposed settlement agreement; and (3) the denial of their motion to disqualify the Department of Justice from representing the Government in Haag I. The Haags did not assert any error in the District Court's innocent spouse ruling, which had denied Mrs. Haag summary judgment on that issue and had granted partial summary judgment to the Government.[6] In April 2007 the Court of Appeals for the First Circuit affirmed the

---

[5](...continued)
separated, or living apart from Mr. Haag, as section 6015(c)(3)(A)(i) would have required.

[6]The Haags also did not appeal the District Court's reducing to judgment, in favor of the Government, the $1.85 million of Federal tax assessments against the Haags. Haag v. United States, 485 F.3d 1, 4 (1st Cir. 2007).

judgment of the District Court.  Haag v. United States, 485 F.3d
1 (1st Cir. 2007).

Haag III[7]

     Mrs. Haag submitted to the IRS a Form 8857, Request for
Innocent Spouse Relief, in April 2005 (i.e., after the District
Court's September 2004 order denying her innocent spouse claims,
but before the Court of Appeals affirmed the District Court).  In
a Decision Letter Concerning Equivalent Hearing Under Section
6320 dated August 31, 2006, the IRS stated that Mrs. Haag was not
entitled to relief under either section 6015(b) or (f) because

---

[7]Between Haag I and Haag III the Haags had filed an
additional suit, which we refer to as Haag II.  In August 2006
they sued the Government in the District Court for damages under
section 7433 for the IRS's alleged failure to send proper
collection notices to the Haags' attorney in connection with
refiling the liens in 2003.  Among other claims, the Haags
alleged that Mrs. Haag satisfied the requirements of section 6015
and therefore qualified for innocent spouse relief.  After
Mr. Haag filed a bankruptcy petition in November 2006, the
District Court closed Haag II with the following docket entry:
"In View of Mr. Haag's Bankruptcy, This Case Is Ordered
Administratively Closed."  Haag v. IRS (Haag II), No. 06-cv-11551
(D. Mass. Nov. 28, 2006) (order closing case), affd. sub nom.
Haag v. United States, 589 F.3d 43 (1st Cir. 2009).  In Haag II
the District Court denied several motions to reopen the case, on
the ground that Haag I barred the action on the grounds of res
judicata, and the Court of Appeals affirmed the dismissal and the
conclusion that the question of whether the IRS provided proper
notice of the collection action had been decided in Haag I.  Haag
v. United States, 589 F.3d at 45-46.  Consequently, the Haag II
suit has no effect on this case, and we do not discuss it
further.

her April 2005 request was not timely pursuant to 26 C.F.R. section 1.6015-5(b)(1), Income Tax Regs.[8]

In October 2007 (after the Court of Appeals for the First Circuit denied her appeal of Haag I), Mrs. Haag filed suit against the IRS in the District Court, on the basis of her April 2005 request.  Haag v. IRS (Haag III), No. 07-12007 (D. Mass. filed Oct. 22, 2007), affd. sub nom. Haag v. United States, 589 F.3d 43 (1st Cir. 2009).  She again alleged that she met the criteria for relief under section 6015; she claimed she had a right to innocent spouse relief; and she alleged that the IRS had violated its regulations in failing to hear and grant her claim. She sought damages under section 7433 and attorney's fees.

The Government moved to dismiss the suit, arguing that the claim in Haag III was barred by res judicata.  In a memorandum and order, the District Court held that Haag I was a final judgment on the merits of Mrs. Haag's innocent spouse claim; that the parties in Haag I and Haag III are identical; and that Haag I and Haag III arose from the same common nucleus of operative facts, i.e., that the innocent spouse claims in both suits were the same.  In January 2008 the District Court held that Mrs. Haag's claim in Haag III was barred by claim preclusion, and

_____

[8]The IRS considered Mrs. Haag's April 15, 2005, innocent spouse claim as part of an equivalent hearing triggered by a request for a CDP hearing that the Haags also submitted on April 15, 2005.

it granted the Government's motion to dismiss.  Haag v. IRS, No. 07-12007, slip op. at 3 (D. Mass. Jan. 15, 2008).

Mrs. Haag appealed the judgment in Haag III, specifically challenging the holding that res judicata barred her from relitigating the innocent spouse claim.  Mrs. Haag then filed with the District Court a motion for relief from the judgment in Haag III; the District Court denied her motion; and Mrs. Haag appealed that denial.  In December 2009 the Court of Appeals for the First Circuit again affirmed the District Court, concluding that neither of her appeals had merit and stating that "both Kathleen Haag's innocent spouse defense and the contours of her right, if any, to a hearing were fully adjudicated in Haag I and resulted in a final judgment on the merits against her."  Haag v. United States, 589 F.3d at 46.  The Court of Appeals concluded that because her complaint in Haag III concerned the same nucleus of operative facts as Haag I, her innocent spouse claim in Haag III is barred by res judicata.  Id.  The Court of Appeals also affirmed the dismissal of Haag II as barred by the res judicata effect of Haag I.  Id.

Post-Lantz requests for relief

In April 2009--i.e., eight months before the Court of Appeals for the First Circuit affirmed Haag III--this Court decided, in Lantz v. Commissioner, 132 T.C. 131 (2009), revd. 607 F.3d 479 (7th Cir. 2010), that 26 C.F.R. section 1.6015-5(b)(1),

Income Tax Regs., was invalid in imposing the two-year deadline for claims for equitable relief under section 6015(f). Mrs. Haag therefore sought innocent spouse relief under section 6015(f) for a third time, submitting new Forms 8857 dated July 7, 2009, for tax years 1985 through 1991 and 1993. In an attachment to her 2009 requests for relief, Mrs. Haag argued that because Lantz v. Commissioner, supra, had held that regulation invalid, the IRS must consider her claim and grant her relief.

The IRS issued final determinations dated March 23, 2010, denying Mrs. Haag's requests for relief under section 6015(f) for each of 1986-1991 and 1993 and made no ruling as to 1985. The workpapers of the IRS's examiner who considered Mrs. Haag's 2009 requests indicate that the IRS denied relief because of the res judicata effect of court proceedings that determined she was not eligible for innocent spouse relief for the years in issue.

Mrs. Haag petitioned this Court on April 15, 2010, seeking review of the IRS's failure to grant innocent spouse relief. The IRS moved for summary judgment on the basis of res judicata; and Mrs. Haag opposed the IRS's motion.

## Discussion

### I.   Relief from joint liability

Section 6013(d)(3) provides that when married taxpayers file a joint return, the tax is computed on their aggregate income, and their liability to pay the tax shown on the return or found to be owing is joint and several.  See also 26 C.F.R. sec. 1.6013-4(b), Income Tax Regs.  That is, each spouse is liable for the entire joint tax liability.  However, section 6015 provides several means for a taxpayer to seek relief from joint liability; and if the IRS determines not to grant such relief to a taxpayer, section 6015(e) gives this Court jurisdiction to review that determination.

### II.  Res judicata arising from Haag I

Mrs. Haag's non-entitlement to relief under section 6015 for the eight years at issue has already been decided, and the doctrine of res judicata (Latin for "a thing adjudicated") requires us to follow that prior decision.  Res judicata has the "purpose of protecting litigants from the burden of relitigating an identical issue and of promoting judicial economy by preventing unnecessary or redundant litigation."  Meier v. Commissioner, 91 T.C. 273, 282 (1988).  Res judicata (also called "claim preclusion") was developed by the courts to bar

repetitious suits on the same cause of action and is applicable to tax litigation.[9]  As the Supreme Court explained:

> [W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." * * *

Commissioner v. Sunnen, 333 U.S. 591, 597-598 (1948) (quoting Cromwell v. County of Sac, 94 U.S. 351, 352 (1877)).  Simply stated,

> Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.

Allen v. McCurry, 449 U.S. 90, 94 (1980).

Under the Supreme Court's explication of res judicata in Commissioner v. Sunnen, supra, four conditions must be met to preclude relitigation of a claim:  (1) The parties in each action must be identical (or at least be in privity); (2) a court of

---

[9]The related doctrine of collateral estoppel (or "issue preclusion") prevents the relitigation of an identical issue, even in connection with a different claim or cause of action. The rule of collateral estoppel provides, "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." 1 Restatement, Judgments 2d, sec. 27 (1982); see also Allen v. McCurry, 449 U.S. 90, 94 (1980) ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action"); Montana v. United States, 440 U.S. 147, 153-154 (1979).

competent jurisdiction must have rendered the first judgment; (3) the prior action must result in a final judgment on the merits; and (4) the same cause of action or claim must be involved in both suits. See United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994). Once these conditions are met, each party is prohibited from raising any claim or defense that was or could have been raised as part of the litigation over the cause of action in the prior case. Id. Those four conditions are met here:

1. In Haag I, Mrs. Haag was the defendant, and the United States Government was the plaintiff. In this case, Mrs. Haag is the petitioner, and the respondent is the Commissioner of the IRS--an agency of the United States Government. A "judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government" because officers of the same government are in privity. Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-403 (1940). Privity exists when the United States is a party in the District Court and the Commissioner of Internal Revenue is the respondent here. Gammill v. Commissioner, 62 T.C. 607, 614 (1974). Thus, the parties are sufficiently identical.

2. The Government sued Mrs. Haag in Haag I to reduce unpaid assessments to judgment, and the District Court had

jurisdiction over that action under sections 7401 and 7402(a) and 28 U.S.C. sections 1340 and 1345. Mrs. Haag pleaded her innocent spouse claim in her answer, and the District Court entertained that claim as an affirmative defense to the Government's collection claim. The Court of Appeals for the First Circuit affirmed that judgment in Haag I; and when Mrs. Haag tried to resist the application of res judicata in Haag III, the same Court of Appeals (and the court to which an appeal from the instant case would lie) held against her again. Any challenge to the competency of the District Court to enter judgment on that claim has been resolved against Mrs. Haag.[10]

3. The District Court's judgment considered Mrs. Haag's innocent spouse claim: Mrs. Haag sought summary judgment and the Government sought partial summary judgment on the innocent spouse defense, and the District Court granted the Government's motion because it held that Mrs. Haag failed to satisfy the statutory and regulatory requirement that she timely request relief. The District Court's judgment was a final judgment on the merits of this claim.

---

[10]Whether a District Court has jurisdiction to decide an innocent spouse claim in a collection suit (such as Haag I) can be disputed. See Pollock v. Commissioner, 132 T.C. 21, 25 n.11 (2009). However, Mrs. Haag's challenge to the res judicata effect of Haag I was resolved against her in Haag III, so that she is collaterally estopped (see note 9 above) from challenging the res judicata effect of Haag I.

4.    Finally, in this case Mrs. Haag seeks innocent spouse relief for tax years 1985-1991 and 1993.  Identity between claims raised in an earlier and a later suit depends on whether the claims derive from a common nucleus of operative facts--the transactional approach.  Gonzales v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994).  The District Court entered a judgment of approximately $1.85 million against Mrs. Haag and her husband for tax years 1985-1991 and 1993, and the District Court decided Mrs. Haag was not eligible to seek innocent spouse relief for those same years.  Thus, the innocent spouse claim that she attempts to raise in this case (for tax years 1985-1991 and 1993) derives from the same nucleus of operative facts as the innocent spouse claim that she already litigated (for the same tax years) in Haag I.

Where the four conditions for claim preclusion are thus present, relitigation of a claim is barred by res judicata.

III. The non-effect of Lantz v. Commissioner

A legal development important to Mrs. Haag occurred after Haag I held that her assertion of section 6015 was untimely: This Court struck down section 1.6015-5(b)(1), Income Tax Regs., as an invalid interpretation of section 6015(f) in Lantz v. Commissioner, 132 T.C. 131 (2009), revd. 607 F.3d. 479 (7th Cir.

2010).[11]  Thus, if Mrs. Haag were seeking innocent spouse relief in this Court in the first instance, then--apart from any effect of Haag I--her delay in requesting that relief would not necessarily disqualify her.  She implicitly argues that this Court's intervening decision in Lantz should forestall the application of res judicata arising from Haag I.  This argument cannot avail.

The doctrine of res judicata (unlike the doctrine of collateral estoppel)[12] admits no exception for changes in the law.  Res judicata prohibits the relitigating of a claim or cause of action, absent fraud or some other factor that invalidates the original judgment.  Commissioner v. Sunnen, 333 U.S. at 597. Thus, even where the law has changed after a first judgment on

---

[11]After the Court of Appeals for the Seventh Circuit reversed Lantz, we reconsidered the matter but did not change our position.  See Hall v. Commissioner, 135 T.C. 374 (2010), on appeal (6th Cir., Dec. 7, 2010).  The Court of Appeals for the Third Circuit has recently held the two-year deadline to be valid.  See Mannella v. Commissioner, 631 F.3d 115 (3d Cir. 2011), revg. 132 T.C. 196 (2009).

[12]Collateral estoppel may not lie where the controlling facts or applicable legal rules have changed.  See Commissioner v. Sunnen, 333 U.S. 591, 599-600 (1948).  Where the legal or factual situation in the second case is different, the prior determination on that issue may no longer be conclusive.  For example, "a judicial declaration intervening between the two proceedings may so change the legal atmosphere as to render the rule of collateral estoppel inapplicable."  Id. at 600.  However, even assuming that our decision in Lantz is such a "judicial declaration", we note that it was issued in April 2009, eight months before the Court of Appeals for the First Circuit affirmed Haag III in December 2009.  It is therefore not strictly correct that Lantz "interven[ed] between" Haag III and this case.

the merits, a given claim may be relitigated only if the first judgment is voided in the original court or reversed on appeal.[13] Therefore, a change in the law after a matter has been litigated does not change the claim-preclusive effect of the earlier decision.  Id. at 598-599.

In Haag I Mrs. Haag litigated her innocent spouse claim for the very years that are at issue here, and under res judicata the judgment in Haag I precludes her raising in this Court a repetitive claim for those same years.  She is therefore precluded from "relitigating issues that were or could have been raised in that action", Allen v. McCurry, 449 U.S. at 94 (emphasis added), including the issue of the validity of 26 C.F.R. section 1.6015-5(b)(1), Income Tax Regs.  Our invalidating the regulation does not render invalid the District Court's judgment (affirmed on appeal) in Haag I and cannot deprive that judgment of res judicata effect.

IV.  The inapplicability of section 6015(g)(2)

Mrs. Haag insists that she has never had the opportunity to establish that she is entitled to innocent spouse relief, and in

---

[13]Accordingly, any relief for Mrs. Haag would lie not in this Court, where res judicata bars her relitigating the innocent spouse claim, but in the Federal courts in Massachusetts, where the original decisions might be voided or reversed.  Of course, having already lost this issue in those courts at trial and several times on appeal, Mrs. Haag may have no practical remedy for her failure to timely request relief, but that does not confer on this Court any power to undo their decisions.

a sense that is correct; i.e., the two-year time bar of the regulation has prevented her attempts to prove that she is entitled to relief.  She invokes section 6015(g)(2), which provides:

> (2) Res judicata.--In the case of any election under subsection (b) or (c) or of any request for equitable relief under subsection (f), if a decision of a court in any prior proceeding for the same taxable year has become final, such decision shall be conclusive <u>except with respect to the qualification of the individual for relief which was not an issue in such proceeding</u>.  The exception contained in the preceding sentence shall not apply if the court determines that <u>the individual participated meaningfully in such prior proceeding</u>.  [Emphasis added.]

That is, to escape the effect of res judicata from prior litigation, the requesting spouse must show (1) that her innocent spouse claim "was not an issue" in the prior proceeding <u>and</u> (2) that she did not "participate[] meaningfully" in the prior proceeding.  Mrs. Haag meets neither of those conditions.

First, her innocent spouse claim was explicitly at issue in <u>Haag I</u> and was presented to the court by the parties' cross-motions for summary judgment on that very issue, and the District Court explicitly denied her claim for innocent spouse relief.

Second, her allegation that she did not meaningfully participate in <u>Haag I</u> falls far short.  Mrs. Haag was a party in <u>Haag I</u>; she had a lawyer; and he pressed her innocent spouse claim.  It cannot be said that she did not participate

meaningfully in <u>Haag I</u>.  Section 6015(g)(2) therefore does not alter the operation of res judicata in this instance.

Because res judicata bars Mrs. Haag's relitigating the innocent spouse claims she already litigated in <u>Haag I</u>, we will grant respondent's motion for summary judgment and affirm the IRS's denial of innocent spouse relief to Mrs. Haag.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.