# United States Court of Appeals
## For the First Circuit

No. 11-1979

KATHLEEN HAAG,

Petitioner, Appellant,

v.

DOUGLAS SHULMAN,
Commissioner of Internal Revenue Service,

Respondent, Appellee.

APPEAL FROM THE JUDGMENT OF THE
UNITED STATES TAX COURT

Before

Lynch, Chief Judge,
Torruella and Lipez, Circuit Judges.

Timothy J. Burke, with whom Burke & Associates, was on brief for appellant.

John Schumann, Attorney, Tax Division, with whom Tamara W. Ashford, Deputy Assistant Attorney General, and Teresa E. McLaughlin, Attorney, Tax Division, was on brief for appellee.

July 2, 2012

**TORRUELLA, Circuit Judge.** Taxpayer Kathleen Haag ("Haag") appeals from the Tax Court's ruling that she is ineligible for "innocent spouse" relief and may not assert that defense against the government's continuing attempts to reduce to judgment certain federal income tax liabilities. Because the Tax Court correctly concluded that Haag was not entitled to renew her claim for the relief sought due to res judicata grounds, we affirm.

## I. Background

The United States sued Haag and her husband, Robert Haag, (collectively, the "Haags") in 2002 in the U.S. District Court for the District of Massachusetts to reduce federal income tax liabilities to judgment. These liabilities totaled $1,620,224 and were incurred during separate time periods spanning tax years 1985 through 1991 and 1993 through 2001. In the answer the couple filed with the district court, Haag raised, as an affirmative defense, her asserted entitlement to "innocent spouse" relief from joint and several liability under 26 U.S.C. § 6015(b)(1)-(2), (f).

In October 2004, while the initial action against them was still pending before the district court, the Haags brought a separate action against the United States in the same court claiming that they had been denied their statutory right to a collection due-process ("CDP") hearing. This hearing, in which a taxpayer appears before the Internal Revenue Service ("IRS") before she is deprived of her property, is granted as of right under

26 U.S.C. § 6320. In their filings, the Haags alleged that the IRS failed to notify them of their right to a CDP hearing. The district court then consolidated the two actions in December 2004.

In January 2006, the district court entered judgment against the Haags with regards to the government's collection action. On the issue of Haag's asserted eligibility for innocent spouse relief under § 6015, the district court found that the statutory limitations period and applicable tax regulation -- specifically, the provisions found at § 6015(b)(1)(E) and at Treas. Reg. § 1.6015-5(b)(1) -- required such claims to be filed with the IRS within two years after the IRS's first collection action was taken against the Haags. Because the IRS's efforts to collect on the Haags' tax liabilities commenced in 1999, the court dismissed Haag's claim for innocent spouse relief -- first raised in 2002 -- as untimely.

Although the government first conceded that it had failed to notify the Haags of their right to a CDP hearing and allowed the Haags to appear before the IRS in a substitute hearing, it later reversed course when it discovered evidence that it had, in actuality, sent proper notice. Consequently, on August 1, 2006, the district court also ruled against the Haags as to their separate action against the United States. The Haags appealed the district court's judgment only as to their CDP claim and, on

April 3, 2007, we affirmed.  See Haag v. United States, 485 F.3d 1 (1st Cir. 2007) ("Haag I").

Two more lawsuits involving the Haags are relevant to the present appeal.  First, in the interval between the district court's August 1, 2006, ruling and our judgment in Haag I, the Haags filed another suit against the United States, which alleged that the government had failed to properly notify their attorney of tax liens against them.  This suit was first administratively closed when Robert Haag filed for bankruptcy, then dismissed due to the district court's finding that it was barred by res judicata. Second, Haag, acting on her own, sued the United States claiming that the IRS had failed to consider a request for innocent spouse relief that she raised at her substitute CDP hearing in 2005.  The district court also dismissed this claim, reasoning that the Haag I action barred it due to res judicata.

The Haags then appealed the district court's dismissal of both cases to this Court.  On December 14, 2009, we affirmed the district court's judgment and endorsed its reasoning that both actions were barred due to the preclusive effect of final judgment in the Haag I action.  See Haag v. United States, 589 F.3d 43 (1st Cir. 2009) ("Haag II").

This appeal stems from Haag's renewed efforts to obtain innocent spouse relief from liability.  As we explain further infra, Haag attempts to avail herself of an intervening change in

-4-

the law that she posits is both applicable and beneficial to her. Specifically, Haag relies upon Lantz v. Commissioner, 132 T.C. 131 (2009) ("Lantz I"), rev'd, 607 F.3d 479 (7th Cir. 2010), in which the Tax Court invalidated the Department of the Treasury's regulation imposing a two-year statute of limitations on § 6015(f) requests for innocent spouse relief as an improper interpretation of the statute. Haag filed administrative requests for § 6015(f) relief with the Commissioner of Internal Revenue relying on Lantz I in July 2009, which the Commissioner denied in the following year on res judicata grounds. Haag then filed the present action with the Tax Court to again assert her request for innocent spouse relief and to challenge the Commissioner's application of res judicata principles. In addition, Haag relied upon 26 U.S.C. § 6015(g)(2), which lifts the res judicata bar to allow certain taxpayers' claims for relief in some circumstances, and contended that her innocent spouse defense could proceed on those grounds as well.

The Tax Court granted the Commissioner's request for summary judgment. With regards to Lantz I and the fact that the Tax Court had eventually invalidated the statute of limitations that originally rendered Haag ineligible for relief, the Tax Court reasoned that res judicata generally does not account for changes in the law and, therefore, Haag's action remained barred. As to the statutory provisions that would grant a taxpayer relief from

res judicata, the Tax Court found that Haag did not meet the requirements for such a dispensation to attach. This timely appeal of the Tax Court's judgment followed.

## II.  Discussion

We review the Tax Court's decision to grant summary judgment de novo. Burke v. Comm'r, 485 F.3d 171, 173 (1st Cir. 2007).

Taxpayers who file joint returns are held jointly and severally liable for liabilities that flow from those submissions. See 26 U.S.C. § 6013(d)(3). "Innocent spouse" relief provisions in the tax code offer a narrow exception to this arrangement. Under these, the tax code exempts a joint filer who "did not know or have reason to know that there was an understatement on the tax return" from joint and several liability. Jones v. Comm'r, 642 F.3d 459, 460 (4th Cir. 2011). Section 6015(f), upon which Haag specifically relies in this action, allows the Secretary of the Treasury to relieve an innocent spouse of liability if (1) the totality of the circumstances make it inequitable for that person to be held liable and (2) relief is not otherwise available to an individual under certain related statutory provisions. 26 U.S.C. § 6015(f); see also Lantz v. Comm'r, 607 F.3d 479, 480 (7th Cir. 2010) ("Lantz II").

The tax code authorizes the Secretary of the Treasury to prescribe rules and regulations by which to implement the code's

provisions.  See 26 U.S.C. §§ 6015(h), 7805(a).  Acting under his delegated authority, the Secretary promulgated a regulation implementing a two-year limiting period during which an individual may assert a claim for relief under § 6015(f).  See Treas. Reg. § 1.6015-5(b)(1).  Per the regulation, the two-year deadline starts to run as of the IRS's first action to collect tax liabilities, e.g., by "issuing a notice of intent to levy on the taxpayer's property."  Lantz II, 607 F.3d at 480.

As noted above, Haag's present action unfolds against a changed regulatory landscape because, in 2009, the Tax Court invalidated the two-year statute of limitations on § 6015(f) claims for relief as an improper interpretation of the tax statute.  See Lantz I, 132 T.C. at 138-40.  In doing so, the Tax Court looked to the other two subsections of 26 U.S.C. § 6015 that provide relief from liability -- i.e., § 6015(b) and (c) -- and noted that those provisions expressly incorporated a two-year deadline on a taxpayer's request for relief.  Because § 6015(f) lacked such a deadline, the Tax Court reasoned that Congress did not intend for there to be a two-year limit on claims brought under that subsection.  Id.

Our resolution of this appeal hinges on res judicata principles and the statutorily-recognized exceptions to the same found at 26 U.S.C. § 6015(g)(2).  We are not called upon to pass judgment on whether the Tax Court's decision to invalidate the

Secretary of the Treasury's two-year statute of limitations on innocent spouse claims brought under § 6015(f) was either proper or correct. We limit our discussion accordingly, but find it appropriate to note without saying more that the circuit courts of appeal that have considered those issues have not viewed the Tax Court's judgment kindly. See Jones, 642 F.3d at 465 (concluding two-year deadline on § 6015(f) claims "is a reasonable approach to filling the gap left in § 6015" and "conclud[ing] that it is a valid regulation"); Mannella v. Comm'r, 631 F.3d 115, 122 (3d Cir. 2011) ("[T]he absence of a statutory filing deadline in subsection (f) . . . does not require us to conclude that the Secretary cannot impose a two-year deadline by regulation."); Lantz II, 607 F.3d at 482 (noting "fact that Congress designated a deadline in two provisions of the same statute and not in third is not a compelling argument that Congress meant to preclude the [Secretary] from imposing a deadline applicable to cases governed by that third provision").

The doctrine of res judicata dictates that "a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in the prior action." Haag II, 589 F.3d at 45. Res judicata commonly attaches if three requirements are discernibly present: "(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3)

an identity of parties or privies in the two suits." <u>Havercombe</u> v. <u>Dep't of Educ. of P.R.</u>, 250 F.3d 1, 3 (1st Cir. 2001) (quoting <u>Kale</u> v. <u>Combined Ins. Co. of Am.</u>, 924 F.2d 1161, 1166 (1st Cir. 1991)). Speaking specifically to the tax liability context, the Supreme Court has explained that because taxes are assessed annually, "[e]ach year is the origin of a new liability and a separate cause of action." <u>Comm'r</u> v. <u>Sunnen</u>, 333 U.S. 591, 598 (1948). Accordingly, "if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year." <u>Id.</u>

It is beyond question that res judicata principles are applicable in the present action: Haag does not contest -- nor could she -- that she was party to the government's previous attempt to reduce to judgment certain tax liabilities that she and her husband incurred during the same tax years that are at issue here.

Crucial to Haag's appeal, however, the tax code does carve out certain narrow exceptions that would permit an innocent spouse taxpayer to obtain relief even if her claim were otherwise barred by res judicata. Specifically, under 26 U.S.C. § 6015(g)(2), a taxpayer may stave off the preclusive effect of a prior action if she can show "(1) that [her] innocent spouse claim 'was not an issue' in the prior proceeding <u>and</u> (2) that [s]he did not

-9-

'participate meaningfully' in the prior proceeding." Koprowski v. Comm'r, 138 T.C. No. 5, 2012 WL 371888, at *8 (Feb. 6, 2012) (original alterations omitted). As the accentuated conjunction suggests, a taxpayer must satisfy both factors to lift the bar of res judicata.

We conclude that Haag meets neither of the § 6015(g)(2) elements and that she is therefore barred by res judicata from disputing her asserted entitlement to innocent spouse relief under § 6015(f). With regards to the first of the above-cited factors, we note that Haag's innocent spouse relief request was not only an issue in the litigation that led to our judgment in Haag I, it was also addressed in detail by the parties and considered by the district court. As noted above, Haag raised the issue of her innocent spouse claims under 26 U.S.C. § 6015 early on, by asserting them in her answer to the government's complaint in its tax collection action against Haag and her husband. See Haag II, 589 F.3d at 44. Indeed, as the government correctly underscores, the points enumerated in this filing under the heading "Request for Determination as an Innocent Spouse" together comprised the only affirmative defense that Haag raised in her pleading to the court, devoting approximately three full pages of a five-page answer to arguments grounded on § 6015(b)(1)-(2) and § 6015(f). See Deihl v. Comm'r, 134 T.C. 156, 165 (2010) (noting innocent spouse "relief

from joint and several liability" was "an issue" where "raised in the pleadings").

Having failed to satisfy the first § 6015(g)(2) requirement, Haag's attempt to come under the provision's scope must fail. We nonetheless address her remaining arguments for the sake of thoroughness.

Haag expends more effort in contending that she satisfies the second criterion under § 6015(g)(2) -- i.e., that a taxpayer requesting relief under the relevant provisions may not have "meaningfully participated" in prior proceedings that would trigger res judicata's preclusive effect -- but her arguments on this issue similarly lack merit. Whether a taxpayer requesting innocent spouse relief has participated meaningfully in prior proceedings is determined by looking to the "totality of the facts and circumstances," see Harbin v. Comm'r, 137 T.C. 93, 98 (2011), but the Tax Court has listed certain factors -- e.g., "exercising exclusive control over" conduct in a prior proceeding, "having a high level of participation" in the same, or previously "having the opportunity to raise a claim for relief from joint and several liability" -- as being particularly probative of meaningful participation, id. We agree with the Tax Court that Haag handily meets any standard for meaningful participation. In addition to the above-referenced pleading, the district court's order rejecting Haag's asserted § 6015 defense lists several filings that Haag

submitted to the court in her singular capacity as a defendant and independent of her husband.[1]  See United States v. Haag, No. Civ. A 02-12490-REK, 2004 WL 2650274, at *1-2 (D. Mass. Sept. 30, 2004). In a noteworthy example, Haag filed a detailed memorandum of law in support of her own motion for summary judgment, which the district court then carefully considered and rejected.  See id. at *2-4 (discussing Haag's asserted innocent spouse exemption from liability and ruling "as a matter of law that Defendant Haag cannot prove the elements of her affirmative defense").  Based on her significant involvement in the Haag I litigation and, particularly, her repeated attempts to vindicate her individual claims and defenses we must conclude that Haag "participated meaningfully" in the prior proceeding and thus fails to satisfy the second § 6015(g)(2) factor as well.

Insofar as Haag articulates any arguments that could forestall this conclusion, she appears to rely on some of the above-quoted language found in the Tax Court's Harbin decision for the proposition that, in prior proceedings, she was unable to "raise a claim for relief from joint and several liability,"  137

_____

[1]  Among these -- and aside from the motion for summary judgment and corresponding memorandum in support of that motion that are mentioned above -- the district court's order listed: a statement of undisputed facts (filed April 16, 2004); an opposition to the government's motion for summary judgment (filed September 14, 2004); a statement of facts in dispute (filed September 14, 2004); and a sur-reply regarding her motion for summary judgment (filed September 29, 2004).

T.C. at 98, and thus, was precluded from meaningfully participating in the same. Ultimately, this argument can be further reduced to the contention that Haag <u>would</u> have been able to more fully litigate her claims or defenses if her original assertion of innocent spouse relief eligibility had not been deemed barred by the applicable two-year statute of limitations. This is, of course, a nonstarter: at the time Haag raised her initial claim for innocent spouse relief, the regulatory limitation period for relief under § 6015(f) had run and the district court in the <u>Haag I</u> litigation had no choice but to correctly dismiss Haag's claim as untimely. Whether she <u>could</u> have presented compelling arguments on the merits at that time or further participated in the litigation but for the two-year limiting period is of no issue.[2] <u>Cf.</u> <u>Lantz</u>

---

[2] In a footnote in her brief, Haag asserts that the policies found in IRS Notice 2011-70, 2011-32 I.R.B. 135, 2011 WL 3035113 (released July 26, 2011) ("Notice 2011-70"), apply to her. This notice, issued on the heels of the Seventh Circuit's decision to reverse the Tax Court's judgment striking down the two-year filing deadline for § 6015(f) claims found at Treas. Reg. § 1.6015-5(b)(1), <u>see</u> <u>Lantz II</u>, 607 F.3d at 480, states that going forward, taxpayers seeking equitable innocent spouse relief from liability under § 6015(f) will not be subject to a limitations period. We note that Haag's reliance on the IRS's notice is ineffectual to the resolution of the present appeal due to the well-settled principle that res judicata does not allow dispensation for intervening changes in the law. <u>See</u> <u>Federated Dep't Stores, Inc.</u> v. <u>Moitie</u>, 452 U.S. 394, 398 (1981) ("Nor are the <u>res judicata</u> consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.").

In any event, we are constrained to agree with the government's reasoning that the terms of Notice 2011-70 would be inapplicable to Haag even if her claim were not precluded by res judicata. With

II, 607 F.3d at 481 ("[A]ny statute of limitations will cut off some, and often a great many, meritorious claims.").

### III.  Conclusion

For the above-stated reasons, we affirm the Tax Court's grant of summary judgment.

**Affirmed**.

---

regards to the specific matter of innocent spouse claims that were adjudicated and rendered final prior to its date of issue, Notice 2011-70 explains that the IRS will not take further collection activity against a taxpayer if the agency had "stipulated in the court proceeding that the individual's request for equitable relief would have been granted had the request been timely."  In Haag's case, the IRS never stipulated that § 6015(f)'s two-year deadline constituted the sole obstacle to her claim.  On the contrary, we note that in the Haag I litigation, the government argued that Haag administratively waived her claim by not articulating her request for relief before the Secretary prior to raising it at the district court.