# United States Court of Appeals
## For the First Circuit

No. 12-2176

KATHLEEN HAAG,

Plaintiff, Appellant,

v.

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Torruella, Dyk,[*] and Thompson,
Circuit Judges.

Timothy J. Burke, with whom Burke & Associates, was on brief
for appellant.
John Schumann, Attorney, Tax Division, Department of Justice,
with whom Kathryn Keneally, Assistant Attorney General, Teresa E.
McLaughlin, Attorney, Tax Division, and Carmen M. Ortiz, United
States Attorney, were on brief for appellees.

November 25, 2013

[*] Of the Federal Circuit, sitting by designation.

**TORRUELLA, Circuit Judge.** This case marks the fourth time that taxpayer Kathleen Haag ("Haag") has appeared before this court to litigate matters pertaining to her federal income tax liability. In this most recent episode, Haag claims that the district court erred when it dismissed her complaint, which sought equitable relief from judgment, for failure to state a claim. Haag's claim is premised on her belief that I.R.S. Notice 2011-70, 2011-32 I.R.B. 135, 2011 WL 3035113 ("Notice 2011-70" or "the Notice") affords her equitable relief from judgment and that our prior finding to the contrary was mere dicta. Finding now -- for a second time -- that Notice 2011-70 is inapplicable to Haag, we affirm.

## I. Background

The origins of this litigation are well documented, see Haag v. United States (Haag I), 485 F.3d 1, 2 (1st Cir. 2007), so we sketch here only the essential facts. In December 2002, the United States filed suit against Haag and her husband Robert Haag (collectively, "the Haags") in district court, seeking to reduce to judgment $1,620,244 in tax liabilities for the years 1985 to 1991 and 1993 through 2001. In Haag's answer to the government's complaint, she asserted an affirmative defense; she claimed that she was entitled to "innocent spouse" relief pursuant to 26 U.S.C. § 6015(b). At that time, however, a two-year statute of limitations governed innocent spouse relief claims. The government

-2-

argued that the limitations period had already run and that Haag had administratively waived her claim. While the case was pending, the Haags filed a separate action contending that they had been denied a statutorily required hearing. The district court agreed that the limitations period had run and granted summary judgment in favor of the government on both claims. The Haags appealed only their hearing claim, which we affirmed in Haag I.

Undaunted, Haag continued her pursuit of relief from judgment. First, in an action later consolidated with her husband's, Haag attempted to revive the arguments decided in Haag I. This Court held that the Haags' claims were barred by the principle of res judicata. Haag v. United States (Haag II and Haag III), 589 F.3d 43 (1st Cir. 2009). Next, Haag sought to take advantage of a new legal development when, in 2009, the United States Tax Court ("the Tax Court") invalidated the two-year limitations period on requests for innocent spouse relief. See Lantz v. Commissioner, 132 T.C. 131, 131 (2009)(holding that two-year statute of limitations on requests for innocent spouse release was improper), rev'd, 607 F.3d 479 (7th Cir. 2010). Haag filed a fourth suit in the Tax Court asserting that Lantz had invalidated the two-year limitations period and that 26 U.S.C. § 6015(g)(2) could lift the res judicata bar, allowing her to relitigate her claim for innocent spouse relief. The Tax Court disagreed, and we once again affirmed, holding that res judicata applied. Haag v.

Shulman (Haag IV), 683 F.3d 26, 30-32 (1st Cir. 2012). By the time of our decision, Lantz had been reversed by the Seventh Circuit, but the IRS had issued Notice 2011-70 stating its intent to adopt other regulations concerning the availability of equitable relief to innocent spouses under § 6015(f). Until such regulations could be adopted, the Notice provided that equitable relief would be available to innocent spouses under certain conditions.

Notice 2011-70 provides, in pertinent part, that taxpayers whose innocent spouse relief claims had been litigated previously and barred by the two-year statute of limitations would, going forward, not be subject to collection "[i]f the IRS stipulated in the court proceeding that the individual's request for equitable relief would have been granted had the request been timely." Notice 2011-70 at 136. Noting that no such stipulation appeared in Haag I, we agreed with the government that Notice 2011-70 did not apply to Haag:

> In any event, we are constrained to agree with the government's reasoning that the terms of Notice 2011-70 would be inapplicable to Haag even if her claim were not precluded by res judicata. . . . In Haag's case, the IRS never stipulated that § 6015(f)'s two-year deadline constituted the sole obstacle to her claim. On the contrary, we note that in the Haag I litigation, the government argued that Haag administratively waived her claim by not articulating her request for relief before the Secretary prior to raising it at the district court.

Haag IV, 683 F.3d at 32 n.2.

This brings us to the present matter.  On September 9, 2011, before Haag IV was final, Haag filed this complaint seeking relief from the judgment in Haag I pursuant to Federal Rule of Civil Procedure 60(d)(1).[1]  The government moved to dismiss the case on November 1, 2011, arguing that Haag had failed to satisfy any of the grounds for relief from a final judgment under Rule 60(b), or alternatively, that Haag had failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).  That matter was stayed pending our ruling in Haag IV, at which point the case was reopened.  The district court ultimately dismissed the case for failure to state a claim, finding that Notice 2011-70 did not afford Haag the opportunity to seek equitable relief from the judgment in Haag I.[2]  Haag now appeals the dismissal of her complaint.

## II. Analysis

We review a district court's grant of a motion to dismiss for failure to state a claim de novo.  Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 324 (1st Cir. 2008).  Although

---

[1]  Federal Rule of Civil Procedure 60(d)(1) recognizes a court's authority to "entertain an independent action to relieve a party from a judgment, order, or proceeding."  Haag sought equitable relief from the district court's order in United States v. Haag, 02-CV-12490-REK, 2004 WL 2650274 (D. Mass. Sept. 30, 2004), which denied Haag's innocent spouse relief claim.

[2]  The district court also found that Haag I became final in 2006 despite Haag's continued efforts to litigate the matter.  Haag does not challenge this finding on appeal.

we view all well-pleaded facts in the light most favorable to the non-moving party, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In short, Haag's argument on appeal is that her complaint was wrongly dismissed because Notice 2011-70 provides her with a new and plausible claim to equitable relief.  She dismisses our finding to the contrary in Haag IV as mere dicta upon which the district court erroneously relied.  By way of support, Haag cites the Notice's stated purpose: to expand the period in which taxpayers may request innocent spouse relief.[3]  See Notice 2011-70 at 135.  She also cites a Notice provision stating, in part, that where a final judgment has been entered in a case denying an innocent spouse relief claim as time barred, the IRS will not seek to collect.  See id. at 136.

The IRS, however, has expressly limited its willingness to forgo collection activity to certain limited circumstances, encompassing only those cases in which "the IRS stipulated in the court proceeding that the individual's request for equitable relief would have been granted had the request been timely."  Id.  Haag

---

[3]  Haag's quotation of the Notice also includes language that is not, in fact, part of the Notice.  The additional language upon which Haag relies appears to come from a commercial summary, or headnote, from Wolters Kluwer.  While we have serious doubts as to whether the summary supports Haag's position, we are certain that we need not waste time parsing such extraneous material.

readily concedes that no such stipulation was made in her case. This leaves Haag in the precarious position of arguing that a Notice which provides specified relief only in limited circumstances -- which Haag admittedly does not meet -- nonetheless affords her the opportunity to apply for equitable relief.

Haag pins her hopes on a sentence that appears in the Notice under the heading "Requests that Were in Litigation and that Litigation is Now Final." She points us to language that tells individuals in litigated cases where the IRS provided the necessary stipulation that they "do not need to reapply for equitable relief." Id. at 136 (emphasis added). From this instruction, Haag seeks to infer precisely the inverse proposition. She argues that the IRS, by stating that taxpayers in specified cases need not reapply for relief, has implied that taxpayers who do not meet these criteria must reapply if they desire equitable relief. The Notice's plain language, however, does not support such a strained reading.

The Notice is structured such that it divides taxpayers seeking equitable relief into separate categories, providing different transitional rules for those with future requests, pending requests, requests denied but not litigated, requests in litigation, and requests that were litigated and are now final. See id. at 135-36. While the Notice explicitly provides that those individuals whose requests "were denied by the IRS solely for

-7-

untimeliness and were not litigated may reapply for relief," id. at 135 (emphasis added), it makes no such allowance for those, like Haag, whose requests were litigated and who received no stipulation, see id. at 136. To the contrary, when discussing those taxpayers whose litigation is now final, the Notice expressly limits the relief it offers to "the circumstances set forth," which Haag concedes are inapplicable to her. As we determined in Haag IV, Haag simply does not qualify for the relief she claims under Notice 2011-70.

Moreover, even assuming that Haag is correct insofar as she argues that our discussion of Notice 2011-70 in Haag IV constituted non-binding dicta, the district court certainly did not err by incorporating our findings into its own analysis. "[C]ourts often, quite properly, give considerable weight to dictum - particularly to dictum that seems considered as opposed to casual." Dedham Water Co., Inc. v. Cumberland Farms Dairy, Inc., 972 F.2d 453, 459 (1st Cir. 1992). Nothing prevented the district court from agreeing with our reasoning and quoting from it in delivering its opinion, and none of Haag's arguments have persuaded us to reverse course on the question of the applicability of Notice 2011-70 to her case.

Because all of Haag's arguments regarding res judicata are predicated on her belief that Notice 2011-70 is applicable to her claim, we need go no further. By its plain language, Notice

2011-70 does not apply to Haag's situation because her request for relief was previously litigated, is now final, and there was no IRS stipulation. As such, Haag has failed to state a claim upon which relief can be granted, and the district court properly dismissed her complaint.

So concludes yet another attempt by Haag to delay the government's legitimate collection efforts by litigating a claim of dubious merit. Should Haag continue this course of conduct in the future, she may risk incurring sanctions.

**Affirmed**.