T.C. Memo. 2014-11

UNITED STATES TAX COURT

KATHLEEN HAAG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26430-12.                    Filed January 14, 2014.

<u>Timothy J. Burke</u>, for petitioner.

<u>Patrick F. Gallagher</u> and <u>Michael R. Fiore</u>, for respondent.


MEMORANDUM OPINION

NEGA, <u>Judge</u>: Petitioner seeks this Court's review, pursuant to section

6015,[1] of the denial by the Internal Revenue Service (IRS) of her requests for

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 (26 U.S.C.), as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*2]** relief from her liability for income tax for eight taxable years (1985-91 and 1993) for which she filed joint returns with her husband. The case is currently before the Court on respondent's motion for summary judgment.[2] That motion is based on the application of the doctrine of res judicata. Res judicata is not a jurisdictional issue but rather an affirmative defense. See Koprowski v. Commissioner, 138 T.C. 54 (2012). Petitioner has had a full and complete opportunity to respond to respondent's motion. Respondent also moves to impose penalties under section 6673 on petitioner for instituting proceedings primarily for delay or for taking frivolous or groundless positions, and on petitioner's counsel for unreasonable and vexatious proceedings before the Tax Court.

We will grant respondent's motion for summary judgment on the ground of res judicata. We will not impose penalties under section 6673 at this time on either petitioner or petitioner's counsel but give both notice that this Court will consider imposing such penalties should petitioner and/or petitioner's counsel persist in litigating frivolous and/or groundless petitions.

---

[2]Respondent originally filed a motion to dismiss for lack of jurisdiction as to petitioner's claim for relief from joint and several liability. Pursuant to the Court's order on January 9, 2014, respondent's motion was recharacterized as a motion for summary judgment.

**[*3]**                                    <u>Background</u>

Petitioner resided in the State of Massachusetts when the petition was filed. In December 2002 the Government filed suit against Mr. and Mrs. Haag in the U.S. District Court for the District of Massachusetts seeking judgment with respect to their unpaid assessed tax, interest, and additions to tax for the years 1985-91, 1993, and 2001. In that case, the District Court in 2004 granted the Government's motion for partial summary judgment on Mrs. Haag's innocent spouse claim. <u>United States v. Haag</u>, 94 A.F.T.R. 2d (RIA) 2004-6665 (D. Mass. 2004) (<u>Haag I</u>). The District Court's ruling was based on Mrs. Haag's failure to make an election to claim innocent spouse relief within two years of collection action as required by section 6015(b)(1)(E). On January 3, 2006, the District Court entered judgment in favor of the United States and against Mr. and Mrs. Haag in the amount of $1,830,760.18 plus interest. The Haags did not appeal that judgment.

In October 2007 Mrs. Haag filed an action against the United States in District Court alleging that the IRS had improperly failed to consider her innocent spouse defense in a collection due process hearing. The District Court dismissed that action on res judicata grounds in January 2008. The District Court was affirmed in December 2009. <u>Haag v. United States</u>, 589 F.3d 43 (1st Cir. 2009).

**[*4]**    In 2010 Mrs. Haag filed a petition in this Court seeking innocent spouse relief on two grounds.  First, Mrs. Haag asserted that our decision in Lantz v. Commissioner, 132 T.C. 131 (2009) (Lantz I), rev'd, 607 F.3d 479 (7th Cir. 2010) (Lantz II), lifted the res judicata bar for her under section 6015(f).  In Lantz I this Court had invalidated the regulations imposing a two-year period of limitations on section 6015(f) requests for innocent spouse relief.  Second, Mrs. Haag asserted that section 6015(g)(2), which lifts the res judicata bar under special circumstances, also acted to lift the res judicata bar to her benefit.  The Tax Court granted the Commissioner's motion for summary judgment.  Haag v. Commissioner, T.C. Memo. 2011-87.  With regard to Mrs. Haag's first claim, this Court found that res judicata does not account for subsequent changes in the law such as the Lantz I decision.  Regarding Mrs. Haag's second claim, this Court found that the requirements of section 6015(g)(2) had not been satisfied.

The Court of Appeals for the First Circuit affirmed our decision in July 2012.  Haag v. Shulman, 683 F.3d 26, 30 (1st Cir. 2012).  Regarding Mrs. Haag's first claim, the Court of Appeals found it "beyond question that res judicata principles are applicable in the present action".  Id.  Regarding Mrs. Haag's second claim, the Court of Appeals said regarding section 6015(g)(2): "[A] taxpayer may stave off the preclusive effect of a prior action if she can show '(1)

**[\*5]** that \* \* \* [her] innocent spouse claim "was not an issue" in the prior proceeding and (2) that [s]he did not "participate meaningfully" in the prior proceeding.'" Id. (quoting Koprowski v. Commissioner, 138 T.C. at 65). The Court of Appeals found that Mrs. Haag met neither of the section 6015(g)(2) elements and that she was barred by res judicata from asserting entitlement to innocent spouse relief.

Lantz I was reversed by the Court of Appeals for the Seventh Circuit in Lantz II, 607 F.3d 479 (7th Cir. 2010). However, on July 26, 2011, the IRS issued Notice 2011-70, 20011-32 I.R.B. 135. Notice 2011-70, supra, provided equitable relief to innocent spouses under certain specified circumstances. Mrs. Haag argued before the Court of Appeals for the First Circuit that the policies in Notice 2011-70, supra, applied to her. The Court of Appeals found that Mrs. Haag's reliance on the IRS notice was unavailing "due to the well-settled principle that res judicata does not allow dispensation for intervening changes in law." Haag v. Shulman, 683 F.3d at 32. Further, the Court of Appeals quoted the United States Supreme Court in Federated Dep't Stores Inc. v. Moitie, 452 U.S. 394, 398 (1981): "Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." Haag v. Shulman, 683

**[\*6]** F.3d at 32. Also, the Court of Appeals noted that it agreed with the IRS'

reasoning that Notice 2011-70, <u>supra</u>, would be inapplicable to Mrs. Haag even if

her claim were not precluded by res judicata because the IRS never stipulated in

the original District Court decision that the two-year deadline in the IRS

regulation constituted the sole obstacle to Mrs. Haag's innocent spouse claim.

In 2011 Mrs. Haag filed another claim with the U.S. District Court for the

District of Massachusetts seeking relief from the 2004 District Court decision

granting the Government's motion for partial summary judgment on Mrs. Haag's

innocent spouse claim. She based this claim on rule 60(d)(1) of the Federal Rules

of Civil Procedure, which recognizes a court's authority to "entertain an

independent action to relieve a party from a judgment, order, or proceeding". The

District Court dismissed the case for failure to state a claim, finding that Notice

2011-70, <u>supra</u>, did not afford Mrs. Haag the opportunity to seek equitable relief

from the 2004 decision. <u>Haag v. United States</u>, 110 A.F.T.R. 2d (RIA) 2012-5580

(D. Mass. 2012), <u>aff'd</u>, 736 F.3d 66 (1st Cir. 2013). Mrs. Haag appealed the

District Court ruling, arguing that her complaint was wrongly dismissed because

Notice 2011-70, <u>supra</u>, provided her with a new basis for her claim to equitable

relief. On appeal the Court of Appeals for the First Circuit affirmed the District

Court. <u>Haag</u>, 736 F.3d 66. The Court of Appeals pointed out that Notice 2011-70,

**[*7]** supra, states that the IRS will forgo collection activity in certain limited circumstances and that taxpayers who meet the requirements of the notice "do not need to reapply for equitable relief". Id. at 69. Mrs. Haag argued that the notice should be read to mean that taxpayers, such as herself, who do not meet the requirements set forth in the notice must reapply for equitable relief. The Court of Appeals found that the plain language of Notice 2011-70, supra, does not apply to Mrs. Haag's situation. Id. at 70.

Petitioner now argues for the first time in this Court that the IRS' change of position as set forth in Notice 2011-70, supra, allows her to relitigate the underlying tax liability before the Tax Court. Respondent moves to dismiss on the ground of res judicata. Respondent also moves to impose penalties under section 6673(a)(1)(A) and (B) on petitioner and under section 6673(a)(2) on petitioner's counsel.

Discussion

1. Summary Judgment

This case is appealable to the Court of Appeals for the First Circuit, so we follow any of its decisions which are squarely on point. See Golsen v. Commissioner, 54 T.C. 742 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971).

**[*8]**    For this case we look to two such previous decisions by the Court of Appeals for the First Circuit.  In the first, the Court of Appeals found that res judicata barred Mrs. Haag's efforts under both section 6015(f) and (g)(2) to relitigate the decision against her in Haag I.  Haag v. Shulman, 683 F.3d 26.  It is clear that the same result must be reached in the instant case.  A final judgment on the merits was reached in the earlier action between the same parties on the same cause of action.  For that reason, petitioner is not entitled to relief under section 6015(f).  Also, petitioner cannot successfully argue that section 6015(g)(2) provides any similar relief.  She simply does not satisfy the statutory requirements.  She previously asserted the innocent spouse claim.  She meaningfully participated in the prior proceeding.  For these reasons, the requirements of section 6015(g)(2) are not satisfied and her claim for innocent spouse relief must fail.  As the Court of Appeals found, the res judicata bar remains notwithstanding the change in IRS position set forth in Notice 2011-70, supra.  Haag v. Shulman, 683 F.3d 26.  As the Court of Appeals further noted, assuming arguendo that the intervening law change lifted the res judicata bar for Mrs. Haag, the terms of Notice 2011-70, supra, simply to not apply to her facts.  The IRS had not made the requisite stipulation under the notice to Mrs. Haag that her request for equitable relief would have been granted had the request been timely.  In fact the Government has

[*9] long argued that Mrs. Haag had waived her claim administratively before any of the long history of litigation between the Government and her.

In a second decision, the Court of Appeals found that Mrs. Haag's strained interpretation of Notice 2011-70, supra, could not be supported by the plain language of the notice. Haag, 736 F.3d 66. The Court of Appeals found that Mrs. Haag's claim was properly dismissed by the District Court because by its plain language Notice 2011-70, supra, does not apply to her situation. This decision is controlling, and in any event we reach the same conclusion. It defies common sense to read the notice as granting petitioner equitable relief from judgment. The motion for summary judgment will be granted.

2. Section 6673

The Court may penalize a taxpayer if the taxpayer institutes or maintains proceedings primarily for delay or if the taxpayer's position is frivolous or groundless. Sec. 6673(a)(1). The Court may also penalize an attorney for excessive costs if the attorney has multiplied proceedings in a case unreasonably or vexatiously. Sec. 6673(a)(2).

In this case the Court will not grant respondent's motions for sanctions. This is not because the facts and law do not support the motions. Rather, the Court chooses to give petitioner and petitioner's counsel a warning before

**[*10]** imposing these sanctions.  While the record supports such sanctions, the

Court is circumspect about imposing them without a warning to the parties.  Now

that such a warning has been issued, the Court expects that petitioner and/or

counsel will not continue to engage in efforts to relitigate a settled case.

    To reflect the foregoing,

        <u>An appropriate order and decision</u>

<u>will be entered</u>.