UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Brian C. Patten,
        Plaintiff

        v.                              Case No. 21-cv-0849-SM
                                        Opinion No. 2022 DNH 054
AVDG, LLC,
        Defendant


**O R D E R**


Plaintiff Brian Patten filed suit against his former employer, AVDG, LLC, asserting federal and state claims. Defendant has moved to compel arbitration of those claims, and to stay this litigation. Patten objects.


**STANDARD OF REVIEW**

Our Court of Appeals has not yet identified the proper standard of review when considering a motion to compel arbitration. See Baker v. Montrone, 2020 DNH 006, 2020 WL 128531, at *1 (D.N.H. Jan. 10, 2020); see also Landry v. Time Warner Cable, Inc., No. 16-CV-507-SM, 2017 WL 3431959, at *1 (D.N.H. Aug. 9, 2017). Nevertheless, when the parties rely on affidavits and exhibits, judges in this district tend to resolve the motion applying the summary judgment standard. See, e.g., Rosen v. Genesis Healthcare, LLC, No. 20-CV-1059-PB, 2021 WL 411540, at *2 (D.N.H. Feb. 5, 2021); see also Daschbach v.

Advanced Mktg. & Processing, Inc., No. 20-CV-0706-JL, 2021 WL 1163010, at *2 (D.N.H. Mar. 26, 2021) ("The First Circuit Court of Appeals has not announced the standard of review for a motion to compel arbitration, but district courts within this circuit apply the summary judgment standard.") (citations omitted).

Applying that standard, the court reviews the record in the light most favorable to Patten, and draws all reasonable inferences in his favor. See Block Island Fishing, Inc. v. Rogers, 844 F.3d 358, 360 (1st Cir. 2016) (citation omitted). AVDG is entitled to compel arbitration only if the record reveals "no genuine dispute as to any material fact" and judgment follows as a matter of law. See Fed. R. Civ. P. 56(a). In this context, a factual dispute "is 'genuine' if the evidence of record permits a rational factfinder to resolve it in favor of either party, and 'material' if its existence or nonexistence has the potential to change the outcome of the suit." Rando v. Leonard, 826 F.3d 553, 556 (1st Cir. 2016) (citation omitted).

## BACKGROUND

When, as here, a motion to compel arbitration is made "in connection with a motion to dismiss or stay," the court "draw[s] the relevant facts from the operative complaint and the documents submitted . . . in support of the motion to compel

arbitration." Hogan v. SPAR Group, Inc., 914 F.3d 34, 36 (1st Cir. 2019) (quoting Cullinane v. Uber Technologies, Inc., 893 F.3d 53, 56 (1st Cir. 2018)). The material facts, construed in the light most favorable to Patten, are as follows.

Patten was hired by AVDG as a Purchasing Specialist on January 24, 2020. The company emailed an offer letter to him that morning that set forth the terms of his employment.[1] The offer letter stated:

> [Y]our employment is contingent upon acknowledgement and agreement of the Arbitration Program Agreement included with this offer, as well as acknowledgement and agreement with other onboarding documentation that you will receive following acceptance of this offer.
>
> Your electronic signature will indicate your acceptance of this offer and signature to the Arbitration Program Agreement.

Def.'s Mot. to Compel, Exh. 2.

The Arbitration Program Agreement, drafted on behalf of Guitar Center, Inc. "and its subsidiary employees," reads:

> To provide for more expedient resolution of disputes, we have instituted a mandatory arbitration procedure for all associates that are not otherwise covered by an agreement relating to the terms of employment (we call it the "Arbitration Program"). Under the Arbitration

---

[1] The offer letter was sent on behalf of Guitar Center, Inc., of which AVGD, LLC, is a subsidiary.

> Program, covered disputes between you and the company must be submitted for resolution by mandatory arbitration after appropriate attempts have been made to resolve the dispute informally.

Def.'s Mot. to Compel, Exh. 3. The agreement covers a variety of disputes, including: those arising out of employment or termination of employment; disputes alleging violations of wage and hour laws or pay practices; disputes alleging violations of federal law; and disputes concerning the application of the arbitration agreement's terms. Finally, the Agreement states: "[t]his agreement and agreeing to submit to the Arbitration Program is a condition of new or continued employment. If you accept or continue employment with the company, both you and the company will be bound by its terms." Id.

After receiving defendant's email, Patten promptly logged onto the company's Human Resources Information System. He accepted defendant's offer by submitting his electronic signature at 9:48 a.m., on January 24, 2020. Id., Exh. 1, p. 6. Patten says he has "no recollection" of reviewing or signing the Arbitration Program Agreement. See Pl.'s Opp. to Mot. to Compel, Exh. A, ¶2.

Following the advent of the COVID-19 pandemic in early 2020, Patten and other AVDG employees attended a conference in late March, 2020, at which AVDG human resources personnel

4

explained employee eligibility for leave under the federal Families First Coronavirus Relief Act (FFCRA). Soon after, on April 2, 2020, Patten notified AVDG that he would need to take FFCRA leave because, as a result of the pandemic, his daughter's daycare was closing. He informed AVDG that he would begin his FFCRA leave on April 6.[2]

The following day, April 3, AVDG issued Patten a written disciplinary warning, purportedly for poor performance. Patten then took FFCRA leave on April 6, as planned. However, AVDG did not compensate Patten while he was on leave. And, approximately 13 days after Patten began his FFCRA leave, AVDG furloughed his employment. When Patten's FFCRA leave expired, AVDG did not return him to his position, or to any equivalent position.

Patten subsequently brought this suit, asserting violations of FFCRA and a common law wrongful termination claim.

## DISCUSSION

Defendant says that the court should compel arbitration because a valid agreement to arbitrate exists. Patten objects, arguing that AVDG has not met its burden of establishing that a

---

[2]     AVDG did not deny Patten's request for leave, or otherwise inform him that his request for leave was deficient in any way.

valid agreement to arbitrate exists between the parties. He further argues that AVDG is not entitled to invoke the agreement, since it is not specifically identified as a party to the Arbitration Agreement.

The Federal Arbitration Act "establishes 'a liberal federal policy favoring arbitration agreements.'" Epic Sys. Corp. v. Lewis, 138 S. Ct. 1612, 1621 (2018) (quoting Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)) (additional citations omitted). Accordingly, the Act "requires courts to enforce covered arbitration agreements according to their terms." Lamps Plus, Inc. v. Varela, 139 S. Ct. 1407, 1412 (2019) (citations omitted). "[T]he existence of an enforceable agreement to arbitrate is the first needed step to trigger the FAA's protective reach." Rivera-Colón v. AT&T Mobility Puerto Rico, Inc., 913 F.3d 200, 207 (1st Cir. 2019) (internal citation omitted). As the party seeking to compel arbitration, AVDG "bears the burden of ... demonstrating that a valid agreement to arbitrate exists." Id. (quotation omitted).

Under the FAA, "principles of state contract law control the [court's] determination of whether a valid agreement to arbitrate exists." Campbell v. General Dynamics Govt. Sys. Corp., 407 F.3d 546, 552 (1st Cir. 2005). Because arbitration "is a matter of contract," "a party cannot be required to submit

6

to arbitration any dispute which [it] has not agreed so to submit." Hogan v. SPAR Grp., Inc., 914 F.3d 34, 38 (1st Cir. 2019) (quoting McCarthy v. Azure, 22 F.3d 351, 354 (1st Cir. 1994)) (further quotations omitted).

Defendant contends that Patten plainly agreed to arbitrate this dispute when he accepted AVDG's job offer on June 24, 2020, by submitting his electronic signature. Defendant's electronic database requires a unique password, "known only to the individual and no one other than the individual has access to the employee or applicant's password," and therefore no one else is likely to have submitted Patten's electronic signature. Def.'s Mem. in Supp. of Mot. to Compel at 4. AVGD also relies on the following language in the Arbitration Agreement, which states, in all capitalized letters:

> By electronically signing this agreement, you are agreeing to this agreement, and affirming that you have knowingly and freely entered into this Agreement, have had sufficient time to read and understand its terms and have been provided sufficient opportunity to seek legal counsel regarding the meaning and effect of this agreement prior to accepting its terms.

See Def.'s Mot. to Compel, Exh. 3. Finally, AVDG contends that the Arbitration Agreement provided Patten with adequate consideration for signing, including continued employment, the parties' mutual agreement to arbitration of disputes, and the

7

defendant's agreement to cover all case management and administrative fees, as well as the arbitrator's fees and expenses.

Unsurprisingly, Patten disagrees. Patten does not dispute that his claims fall within the scope of the arbitration agreement, or that adequate consideration exists. Instead, he argues that defendant has not sufficiently established the existence of a valid agreement to arbitrate. Patten points out that, as the party seeking to compel arbitration, AVDG bears the burden of demonstrating the existence of a valid, enforceable agreement to arbitrate. He says that AVDG fails to meet its burden because it has not proffered "any signatures from any alleged signatories" to the Arbitration Agreement. Def.'s Mem. in Opp. to Mot. to Compel at 4. Patten says that an "unsigned agreement . . . cannot suffice to meet the defendant's burden of proof." Id.

The offer letter (which Patten does not deny signing) makes explicit that Patten's employment with AVDG was contingent upon acknowledgement of, and agreement to, the Arbitration Program Agreement attached to the letter. The offer letter also provides that Patten's electronic signature would serve to confirm Patten's acceptance of both the offer and the Arbitration Agreement. And, as previously mentioned, that

8

Agreement states: "This agreement and agreeing to submit to the Arbitration Program is a condition of new or continued employment.  If you accept or continue employment with the company, both you and the company will be bound by its terms." Id., Exh. 3.  In other words, Patten submitted to the Arbitration Agreement and its terms as a condition of accepting and continuing employment by defendant.

Patten unarguably accepted the offer of employment.  AVDG has submitted evidence demonstrating that, after receiving defendant's offer, Patten accessed the company's Human Resources Information System, and submitted his electronic signature, at 9:48 a.m., thereby accepting the offer and its terms of employment (including his agreement to submit to the Arbitration Program).  See Def.'s Mot. to Compel, Exh. 1, p. 6.  While Patten makes several valid points about the paucity of defendant's evidentiary submission, he does not dispute that he accepted AVDG's offer of employment in January, 2020, or that he began working for the company shortly thereafter, thereby accepting the terms of the offer letter and Arbitration Agreement by performance.

That Patten does not currently recollect reviewing the Arbitration Program Agreement does not undermine the properly supported facts that AVDG has presented.  See, e.g., GT Solar

9

Inc. v. Goi, No. 08-CV-249-JL, 2009 WL 3417587, at \*9 (D.N.H. Oct. 16, 2009) ("It is well established that a claimed lack of memory is insufficient to rebut uncontroverted evidence to the contrary.") (citing Ayer v. U.S., 902 F.2d 1038, 1045 (1st Cir. 1990)).  See also Haag v. U.S., 485 F.3d 1, 3 (1st Cir. 2007) (a purported lack of memory about a fact is not affirmative evidence that the event did not occur and, therefore, it is insufficient to render that fact "genuinely disputed").

Patten also argues that AVDG is not entitled to invoke the arbitration clause because it is not specifically identified as a party to the Agreement Program Agreement.  He points out that the only named party to the Agreement is Guitar Center, Inc., which was not Patten's employer, and is not a named party in this action.

The record evidence does not support Patten's view.  The Arbitration Agreement does not mention AVDG by name (although AVDG's logo does appear in the footer of the agreement).  However, the first sentence of the Arbitration Agreement includes Guitar Center, Inc.'s "subsidiary employers" as parties to the agreement.  Def.'s Mot. to Compel, Exh. 3, p. 1 ("Although we (meaning Guitar Center, Inc. and its subsidiary employers) hope that disputes with associates will not occur, we believe that when disputes arise, it is in our mutual best

10

interests to handle them promptly and with a minimum of disturbance to the lives of the impacted associates or our operations.") (emphasis added). The Agreement also defines "the company" as "including its subsidiaries." Id. ("all disputes between you and the company (including its subsidiaries, owners, officers, directors, employees, agents or successors) will be resolved exclusively by final and binding arbitration, and not by court or other action.").

Although for reasons that might be apparent, I think the dissent had the better view, still, since Bosse v. N.Y. Life Ins. Co., 992 F.3d 20 (1st Cir. 2021) (Barron, J., dissenting), in this circuit, avoiding arbitration is highly unlikely in the face of even ambiguous contractual clauses, and far more remote and unconnected circumstances than are presented here. Parties can expect that arguable obligations will routinely be referred to arbitrators to decide arbitrability, including, initially, whether the parties entered into a valid contractual agreement to arbitrate a particular dispute.

**CONCLUSION**

For the foregoing reasons, as well as those in defendant's briefing, AVDG has sufficiently shown the existence of a valid agreement to arbitrate, and that it is entitled to invoke the agreement. Defendant's motion to compel arbitration, and stay

11

these proceedings under the Federal Arbitration Act, 9 U.S.C. § 1 (document no. 8) is necessarily **GRANTED**.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 12, 2022

cc:  All counsel of record